SONIA TORRES WILLIAMSON *v.* COMMISSIONER
OF TRANSPORTATION
(13366)

PETERS, C. J., HEALEY, CALLAHAN, GLASS and HULL, Js.

Argued October 12—decision released December 13, 1988

*Bruce L. Levin*, with whom, on the brief, was *Serge G. Mihaly*, for the appellant (plaintiff).

*Michael T. Bologna*, for the appellee (defendant).

HULL, J. Pursuant to General Statutes § 13a-144,[1] the plaintiff, Sonia Torres Williamson, instituted this action sounding in negligence against the defendant commissioner of transportation alleging that she sustained personal injuries as a result of the state's failure adequately to maintain its highways. After a trial, the jury returned a verdict in favor of the defendant. The plaintiff appealed from the judgment rendered on the verdict. We find no error.

The jury could reasonably have found the following facts. On July 4, 1980, the plaintiff, who lived in Bridgeport, was participating in a picnic trip to Lake Quassapaug with family and friends. The group proceeded in three vehicles north to Interstate 84 and was heading west when the plaintiff's fiance, Larry Williamson, driving the first car, heard a noise in the car's engine.

---

[1] General Statutes § 13a-144 provides: "DAMAGES FOR INJURIES SUSTAINED ON STATE HIGHWAYS OR SIDEWALKS. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. Such action shall be tried to the court or jury, and such portion of the amount of the judgment rendered therein as exceeds any amount paid to the plaintiff prior thereto under insurance liability policies held by the state shall, upon the filing with the comptroller of a certified copy of such judgment, be paid by the state out of the appropriation for the commissioner for repair of highways; but no costs or judgment fee in any such action shall be taxed against the defendant.

He pulled the car over to the shoulder of the highway and stopped so that the doors on the passenger side were adjacent to a catch basin. The other vehicles stopped a short distance behind the lead car. Larry Williamson got out of the car, raised the hood, and discovered some ravelings on the fan belt, which he proceeded to cut off. At this time, he asked the plaintiff to go to the second vehicle, a van, and get him a beer. While the plaintiff was returning to the first car with a beer in hand, her right leg slipped or fell into an opening in the catch basin, causing the injuries.

After presentation of all the evidence, the court proceeded to charge the jury. In accordance with a long line of decisions discussing actions brought under General Statutes § 13a-144, the court instructed the jury, inter alia, that it was the plaintiff's burden to show that the defective highway was the *sole* proximate cause of her injuries. At the close of its instructions, the trial court provided the jury with a special verdict form on which to answer interrogatories relating to the allegations of the complaint. In response to these interrogatories, the jury found that the state had a duty to maintain the section of the highway where the plain-

---

This section shall not be construed so as to relieve any contractor or other person, through whose neglect or default any such injury may have occurred, from liability to the state; and, upon payment by the comptroller of any judgment rendered under the provisions of this section, the state shall be subrogated to the rights of such injured pesron to recover from any such contractor or other person an amount equal to the judgment it has so paid. The commissioner, with the approval of the attorney general and the consent of the court before which any such action is pending, may make an offer of judgment in settlement of any such claim. The commissioner and the state shall not be liable in damages for injury to person or property when such injury occurred on any highway or part thereof abandoned by the state or on any portion of a highway not a state highway but connecting with or crossing a state highway, which portion is not within the traveled portion of such state highway. The requirement of notice specified in this section shall be deemed complied with if an action is commenced, by a writ and complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice."

tiff claimed to have been injured and failed to do so, making the area unsafe for public travel. The jury also found, however, that the plaintiff did not exercise due care, and, therefore, that the highway defect was not the sole proximate cause of her injuries.[2] Accordingly, the jury returned a verdict in favor of the defendant. After denying the plaintiff's motion to set aside the verdict and for a new trial, the court rendered judgment in accordance with the verdict. This appeal ensued.

On appeal, the plaintiff claims that the trial court erred in charging the jury: (1) on the burden of proof; (2) that the highway defect must be the sole proximate cause of the plaintiff's injuries; (3) that the plaintiff was not on the "travel portion" of the highway when she was injured; (4) with respect to sovereign immunity, and (5) on third party negligence. The plaintiff also

---

[2] "GENERAL VERDICT INTERROGATORIES

1. Do you find that it is the duty of the defendant to keep in repair the highway on which the plaintiff claims to have been injured?
YES X          NO

2. Do you find that the plaintiff has been injured in person or property?
YES X          NO

3. Do you find that the highway on which the plaintiff claims to have been injured was not reasonably safe for public travel?
YES X          NO

4. Do you find that the defendant failed to take reasonable measures to make the highway safe?
YES X          NO

5. If you find that the highway was not reasonably safe, do you find that any defect existed for such a length of time and was of such nature that the defendant should have had knowledge of its existence?
YES X          NO

6. Do you find that the plaintiff was in the exercise of due care?
YES          NO X

7. Do you find that a highway defect was the sole proximate cause of the plaintiff's claimed injuries?
YES          NO X

8. Do you find that the plaintiff [gave] to the defendant notice of injury, within ninety days thereof, including the time, place and cause of a general description of the same?
YES X          NO"

claims that the trial court "unduly emphasized" in its charge the plaintiff's burden to prove that she exercised due care.

## I

The plaintiff first contends that two sentences of the trial court's seventy-four page jury charge relating to sufficiency of the evidence and burden of proof constituted reversible error. The portion of the charge in question reads as follows: "In this case, the commissioner has presented some evidence contradicting certain of the plaintiff's claims. As to those where there has been no evidence by the defendant, there must still be proof by a fair preponderance of the evidence. Just by producing some evidence on the various points the plaintiff has not sustained her burden; and it's up to you that she may or may not have, depending on what you find. There must be a finding by you that each and every element is more probable than not, and any finding which you make must be based upon substantial evidence, and not upon surmise, conjecture or sympathy."

At trial, the plaintiff neither filed a request to charge on the issues of sufficiency of the evidence and burden of proof nor did she except to the trial court's instructions quoted above. Ordinarily, such omissions at the trial level would render the plaintiff's claim unreviewable. Practice Book §§ 315, 4185. The plaintiff maintains, however, that her failure to take a timely exception should be excused, and her claim now fully reviewed on appeal, because (1) her attorney was suffering from an undefined illness which may have prevented him from taking a timely exception to that portion of the charge, and (2) a timely exception was not required since it would have been "futile." We find the plaintiff's contentions without merit.

The trial transcript reveals that after the jury was charged and excused, the court asked counsel for both parties if they had any exceptions to the charge as given. Counsel for the plaintiff proceeded to take eleven exceptions. He did not, however, take exception to that portion of the charge now at issue. Counsel for the defendant then took two exceptions to the charge. After exceptions were taken, the trial transcript discloses that the plaintiff's counsel requested "a very brief recess," which was granted by the court. The plaintiff states in her brief that this recess was requested by her attorney because "he was not feeling well." Apparently, he excused himself from the courtroom and returned less that five minutes later. At no time, however, did the plaintiff's counsel state on the record his reasons for requesting the recess. Thereafter, the jury was reseated and the court proceeded to recharge them on three claimed errors raised by the attorneys in their exceptions. At the conclusion of the recharging, the jury retired to the deliberating room. No further exceptions were taken by either counsel.

The plaintiff initially claims that her failure to except timely to the instructions in question should be excused because her attorney was suffering from an undefined illness during the charge which may have prevented him from interposing a timely exception. We find that the record does not support such a claim. The trial transcript discloses that the plaintiff's counsel had the presence of mind to articulate eloquently eleven exceptions to various portions of the charge, including exceptions to the court's instructions regarding actual and constructive notice, proximate cause and sovereign immunity. These exceptions indicate to us that the plaintiff's counsel's ability to interpose timely exceptions to the jury charge, including the instructions at issue, was unaffected by any claimed illness. Our conclusion is bol-

stered by the fact that, despite ample opportunity to do so, the plaintiff's counsel failed to state on the record the nature and severity of his illness and precisely how it prevented him from raising an exception to the instructions the plaintiff now claims were erroneous. The failure to take even this small step renders the plaintiff's claim all the more unconvincing. Accordingly, on the facts presented, we find that the plaintiff's failure to raise an exception to the court's instructions regarding sufficiency of the evidence and burden of proof is not excused on the basis of an undefined illness of her counsel.

The plaintiff next contends that the trial court's failure to grant her motion to set aside the verdict on the basis that the jury instructions in question were erroneous demonstrates that the court would not have corrected these instructions even if the plaintiff had interposed a timely exception to them. Therefore, the plaintiff argues, her failure timely to except should be excused since it would have been a "futile act," which the law does not require. We disagree.

The plaintiff's assertion that the trial court would have disregarded a timely exception to the language in question is pure speculation and nothing more. By failing to except, the plaintiff deprived the trial court of an opportunity to correct the claimed error before the jury began its deliberations. The taking of exceptions immediately after the charge is delivered is required "to ensure that the trial court has an opportunity to cure any defects or ambiguities in the charge, thus avoiding the inconvenience and the expense of unnecessary retrial." *Thomas* v. *Katz,* 171 Conn. 412, 414, 370 A.2d 978 (1976); see Practice Book § 315. The plaintiff cannot now complain that such an exception, had it been interposed, would have been an exercise in futility. Consequently, we find that the plaintiff's failure to except to the relevant jury instructions is not

excused on this basis. Accordingly, because the plaintiff has not offered any cognizable excuse for her failure to preserve properly her claim on appeal, we conclude that it is not entitled to full appellate review.

Alternatively, the plaintiff maintains that the court's instructions constituted plain error of which this court may take notice despite the plaintiff's failure to take a timely exception.[3] Review under the plain error doctrine "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley*, 198 Conn. 77, 87–88, 502 A.2d 388 (1985). We conclude that the jury instructions at issue, when read in the context of the entire charge, did not constitute plain error. *State* v. *Silano*, 204 Conn. 769, 773, 529 A.2d 1283 (1987); *Novella* v. *Hartford Accident & Indemnity Co.*, 163 Conn. 552, 570, 316 A.2d 394 (1972).

## II

The plaintiff next claims that the trial court erred in charging that it was the plaintiff's burden to demonstrate that the defective highway was the sole proximate cause of her injuries.[4] The incorporation of the sole proximate cause requirement for actions brought under the state defective highway statute dates back to *Perrotti* v. *Bennett*, 94 Conn. 533, 109 A. 890 (1920).

---

[3] Practice Book § 4185 provides in pertinent part: "The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The supreme court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

[4] The plaintiff also assigns error in the trial court's failure to charge the jury on comparative negligence. This issue is necessarily subsumed in the plaintiff's primary claim as to proximate cause. We fail to see how the trial court could consistently have charged the jury that the highway defect must be the sole proximate cause of injury while at the same time charging them on comparative negligence.

The plaintiff today asks us to overrule *Perrotti* and set aside the sole proximate cause requirement of § 13a-144. For the reasons stated herein, we decline to do so.

At trial, the plaintiff did not except to the court's instructions on proximate cause nor did she take issue with these instructions in her motion to set aside the verdict. We have previously held that such omissions at the trial court level in civil jury cases "[limit] our consideration of the issues raised [on] appeal to ascertaining whether there has been 'plain error.'" *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 515, 441 A.2d 163 (1981); see Practice Book § 4185; *Dunham* v. *Dunham,* 204 Conn. 303, 310–11, 528 A.2d 1123 (1987); *Kolich* v. *Shugrue,* 198 Conn. 322, 326, 502 A.2d 918 (1986).[5] In view of this, we find that our recent decision in *Kolich* v. *Shugrue,* supra, is controlling.

As in the present case, *Kolich* involved a defective highway claim brought under § 13a-144. On appeal, the plaintiffs in *Kolich* raised precisely the same issue that the plaintiff now raises here, i.e., whether the trial court erred in its charge on proximate cause when it instructed the jury that it was the plaintiffs' burden to show that the defective highway was the sole proximate cause of their injuries. In *Kolich* v. *Shugrue,* supra, 326, where we were limited, as we are here, to plain error review of the relevant jury instructions on

---

[5] The *Dunham, Kolich* and *Pietrorazio* decisions all involved instances where plain error review was invoked because the appellants in those cases failed to file a motion to set aside the verdict. *Dunham* v. *Dunham,* 204 Conn. 303, 528 A.2d 1123 (1987); *Kolich* v. *Shugrue,* 198 Conn. 322, 502 A.2d 918 (1986); *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 441 A.2d 163 (1981). We see no viable distinction, however, between those cases and a case where, as here, the motion to set aside was in fact filed, but the particular claim of error on appeal was not briefed in the motion. In both instances, the effect is the same, i.e., the trial court is denied "a full opportunity to redress any errors which may have occurred at trial before the appellate process is begun." *Kolich* v. *Shugrue,* supra, 326.

proximate cause, we made the following determination: "[W]e conclude that it was not plain error for the trial court to have instructed the jury as it did. The trial court's instruction on causation was in accordance with a long line of decisions holding that parties suing the state under General Statutes § 13a-144 must prove that the defective highway was the sole proximate cause of their injuries. See *Foster* v. *Waterford,* 186 Conn. 692, 695, 443 A.2d 490 (1982); *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981); *Donnelly* v. *Ives,* 159 Conn. 163, 167, 268 A.2d 406 (1970); *Pape* v. *Cox,* 129 Conn. 256, 259, 28 A.2d 10 (1942); *Roth* v. *MacDonald,* 124 Conn. 461, 463–64, 200 A. 725 (1938)." Similarly, we conclude that by following the established rule of law, the trial court in the present case "can hardly be said to have committed plain error." Id.

The plaintiff next asserts that the trial court's charge unduly emphasized the plaintiff's burden to prove that the highway defect was the sole proximate cause of her injuries and that she was not guilty of contributory negligence, before she would be entitled to recover damages. In charging the jury, the court should, so far as possible, preserve the proper perspective, and not unduly magnify certain considerations nor ignore or minimize others. *State* v. *Rathbun,* 74 Conn. 524, 527, 51 A. 540 (1902); compare *Bruneau* v. *Quick,* 187 Conn. 617, 627–28, 447 A.2d 742 (1982); *Anderson & McPadden, Inc.* v. *Tunucci,* 167 Conn. 584, 589–90, 356 A.2d 873 (1975). Our review of the trial court's lengthy charge reveals three distinct references by the court to the plaintiff's burden of demonstrating by a fair preponderance of the evidence that the highway defect was the sole proximate cause of her injuries and that she was free from contributory negligence. Reading the charge as a whole; *State* v. *Jasper,* 200 Conn. 30, 37, 508 A.2d 1387 (1986); we conclude that the trial court

did not overly emphasize the sole proximate cause requirement and, accordingly, we find no error.

The plaintiff next claims that the court erred in charging the jury that there was evidence that the plaintiff was injured not on the "travel portion" of the highway, but on the "shoulder area" of the highway.[6] The plaintiff contends that such an instruction by the court may have led the jury to believe, erroneously, that the plaintiff was outside the protection of § 13a-144, upon which the state's liability is predicated. We find the plaintiff's argument superfluous in view of the fact that the jury determined, necessarily, that the plaintiff *was* within the protection of the statute when they found, as evidenced by the special jury interrogatories, that the defendant had a duty to maintain the area where the plaintiff claimed she was injured.[7] Accordingly, any alleged error by the trial court in charging on this point was clearly harmless in nature and does not warrant further discussion.

The plaintiff next assigns error in the court's comment regarding sovereign immunity in its charge to the jury.[8] The court briefly mentioned the common law con-

[6] After repeatedly instructing the jury that the defendant had a duty to maintain the shoulder areas of the highway, the court charged the jury as follows: "Now the next issue that I want to go over with you on this matter of liability is the matter of permitted uses of the highway, and we have indicated and there is evidence to indicate that this occurred not on the travel portion, but on the shoulder, and so that I want to state to you that a person must be on the highway for some legitimate purpose connected with travel thereon in order to obtain the protection of the highway defect statute. . . ."

[7] See footnote 2, supra.

[8] The court charged as follows: "Now the first matter I'm going to be discussing is the statute, itself and the issue of sovereign immunity. All right. Under the common law, that is the law of the case as we have inherited from England, the Sovereign State of Connecticut holds the same immunity from law suits as was held by the King of England. It cannot be sued without its consent. The defendant, commissioner in this case, has the same immunity because he was sued in his official capacity. However, the laws

cept of sovereign immunity as a preface to its discourse on the statutory requirements for recovery under § 13a-144, pursuant to which the state waives sovereign immunity and consents to be sued for the limited purposes recited therein. We find that the court's remarks were proper in that they provided a fitting historical perspective to the court's subsequent discussion of § 13a-144, upon which the plaintiff's action was based.

Lastly, the plaintiff claims the trial court erred in charging the jury with respect to third party negligence. The court charged the jury as follows: "If there has been an injury caused by a defect in the highway, and all other elements have been proven, the plaintiff may still not recover unless she shows that there is no negligence, carelessness or inattention by herself or a third person which contributed to such injury. That is to say that even if the road were defective, if there is any negligence by the [plaintiff], even one percent, she may not recover. Likewise, if a third person was careless, and that carelessness caused in any way the plaintiff's injuries, she is not entitled to recover, which likewise, if a third person were careless, negligent, and that caused in any way the plaintiff's injuries, she is not entitled to recover." The court's charge on third party negligence is a correct statement of the law. See *Bartram* v. *Sharon*, 71 Conn. 686, 690, 43 A. 143 (1899). The plaintiff maintains, however, that the court should not have charged on this issue because there was no evidence from which the jury could reasonably have made a finding of third party negligence. We disagree.

of negligence do not apply to this case, rather as you have heard reference, the suit is brought under a particular statute by which the state has consented to be sued, and the statute has particular and peculiar requirements all of which must be satisfied for the plaintiff to recover damages in this case."

The plaintiff was riding as a passenger in a vehicle operated by her fiance, Larry Williamson. There was testimony that Williamson, upon encountering engine trouble, parked directly adjacent to the catch basin and, by so doing, made it necessary for the plaintiff to walk over the catch basin in order to get in and out of the passenger side of the vehicle. From this evidence the jury could reasonably have concluded that a third party, namely Williamson, contributed to the plaintiff's injuries. Accordingly, we find the trial court was correct to charge the jury on third party negligence.

There is no error.

In this opinion the other justices concurred.