RICHARD CARBONE *v.* CITY OF NEW BRITAIN
(12010)

O'CONNELL, LANDAU and HEIMAN, Js.

Argued December 2, 1993—decision released March 15, 1994

___

*Alexander Aponte,* corporation counsel, with whom, on the brief, was *Joseph M. Musco,* for the appellant (defendant).

*John J. Kennedy, Jr.,* with whom were *Lori Welch-Rubin* and *Diana S. Marshall,* for the appellee (plaintiff).

LANDAU, J. The defendant city of New Britain[1] appeals from the judgment of the trial court rendered on a jury verdict awarding the plaintiff $944,000 in damages for injuries suffered as a result of the city's violation of General Statutes § 13a-149.[2]

The jury reasonably could have found the following facts. On July 20, 1989, the plaintiff, Richard Carbone, was walking on a sidewalk under the control of the city of New Britain when he was caused to fall on a defective sidewalk. As a result of the fall, the plaintiff suffered serious injuries including a herniated disc and paresthesia[3] in his legs. The plaintiff commenced an action, under § 13a-149, alleging that the city had breached its statutory duty to maintain the sidewalk in a safe condition.[4] He further alleged that the city's breach of such duty caused the injuries sustained in the fall, and that he was exercising due care at that time.

---

[1] Lilly B. Sarkizi, Edi Sarkizi, Nili Sarkizi and Elvart Esdkondarian, and the city of New Britain were named as defendants. The individual defendants filed a motion for summary judgment on January 16, 1991, which the trial court granted. On October 20, 1992, the plaintiff filed a substitute complaint withdrawing the allegations against the individual defendants, but retaining the allegations against the city of New Britain.

[2] General Statutes § 13a-149 provides in pertinent part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."

[3] Paresthesia is defined as "a sensation of pricking, tingling, or creeping on the skin that has no objective cause." Merriam-Webster's Collegiate Dictionary (10th Ed. 1993).

[4] "The statute [General Statutes § 13a-149] includes injuries caused by defective public sidewalks over which a municipality has assumed control. *Angelillo* v. *Meriden,* 136 Conn. 553, 556, 72 A.2d 654 (1950)." *Rodriguez* v. *New Haven,* 183 Conn. 473, 475 n.1, 439 A.2d 421 (1981).

After a trial, the jury returned a general verdict for the plaintiff in the amount of $944,000. The city filed a motion to set aside the verdict claiming that the trial court's instruction as to contributory negligence was improper. The trial court denied the motion and the city appealed.

The sole issue on the city's appeal is whether the trial court improperly charged the jury as to contributory negligence.[5] The city complains that the trial court, in three separate portions of the charge, improperly charged as to the plaintiff's burden of proving freedom from contributory negligence.[6] The gist of the city's argument is that the jury was inappropriately instructed when the trial court charged that the plaintiff was contributorily negligent if he had *substantially* or *materially* contributed to his injuries. The city contends, instead, that freedom from contributory negligence in the context of a defective highway action demands a showing of freedom from negligence that contributed *in any way* to the plaintiff's injuries. At trial, the city submitted a request to charge the jury on the issue of contributory negligence in accordance with case law set out in *Williamson* v. *Commissioner of Transpor-*

---

[5] The plaintiff's brief also claims that the city's failure to certify the jury charge pursuant to Practice Book § 4013 did not provide this court with an adequate record upon which to afford review, and thus this appeal should be dismissed. On May 5, 1993, the plaintiff filed a motion to strike the November 25, 1992 transcript of the jury charge on the same ground. After the plaintiff filed his brief for this appeal, this court denied that motion and ordered, sua sponte, that the city be permitted to file a late certificate. Having already ruled, we will not consider the plaintiff's briefed issue regarding certification.

[6] The challenged portions of the charge are as follows: "[Y]ou must . . . determine whether any fault on the part of the plaintiff substantially contributed to any injuries that he may have sustained."

"If the plaintiff was guilty of negligence which contributed substantially in bringing about his injuries, he cannot recover . . . ."

"That is, that the plaintiff was free from contributory negligence, the plaintiff did not materially contribute to his cause or injury."

*tation,* 209 Conn. 310, 321, 551 A.2d 704 (1988).[7] The trial court declined to apply *Williamson* stating that the language used in *Williamson* relating to contributory negligence was applicable only to third party negligence.[8] The defendant took exception to the instructions.

Our standard of review concerning claims of instructional error is well settled. "[J]ury instructions must be read as a whole and . . . are not to be judged in artificial isolation from the overall charge. . . . The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict . . . and not critically dissected in a microscopic search for possible error. . . ." (Citations omit-

---

[7] In *Williamson,* our Supreme Court held that the following instruction by the trial court on third party negligence was a correct statement of the law: " 'If there has been an injury caused by a defect in the highway, and all other elements have been proven, the plaintiff may still not recover unless she shows that there is no negligence, carelessness or inattention by herself or a third person which contributed to such injury. That is to say that even if the road were defective, if there is any negligence by the [plaintiff], even one percent, she may not recover. Likewise, if a third person was careless, and that carelessness caused in any way the plaintiff's injuries, she is not entitled to recover, which likewise, if a third person were careless, negligent, and that caused in any way the plaintiff's injuries, she is not entitled to recover.' . . . See *Bartram* v. *Sharon,* 71 Conn. 686, 690, 43 A. 143 (1899)." *Williamson* v. *Commissioner of Transportation,* 209 Conn. 310, 321, 551 A.2d 704 (1988). Although our Supreme Court approved the above language as it related to third party negligence, which is no different from a plaintiff's negligence, the *Williamson* court, by doing so, did not mandate the use of this exact language. Here, the trial court's charge was equally accurate. "While the instructions need not be exhaustive, perfect or technically accurate, they must be correct in law, adapted to the issues and sufficient for the guidance of the jury." *State* v. *Channer,* 28 Conn. App. 161, 172, 612 A.2d 95, cert. denied, 223 Conn. 921, 614 A.2d 826 (1992).

[8] While it is not necessary to rule on the trial court's proposition that the language in *Williamson* prescribed a different standard for third party negligence in municipal highway actions, we note that our Supreme Court has held that the sole proximate cause standard for liability under the municipal highway liability statute applies to wrongful acts of both plaintiffs and third parties alike. *White* v. *Burns,* 213 Conn. 307, 316, 567 A.2d 1195 (1990).

ted; internal quotation marks omitted.) *Hall* v. *Burns,* 213 Conn. 446, 475, 569 A.2d 10 (1990); see also *Lemonious* v. *Burns,* 27 Conn. 734, 739–41, 609 A.2d 254, cert. denied, 223 Conn. 915, 614 A.2d 823 (1992). "A court's instructions must be adapted to the issues and not mislead the jury but reasonably guide it in reaching a verdict. *Lemonious* v. *Burns,* supra [740]." *Sullivan* v. *Norwalk,* 28 Conn. App. 449, 456, 612 A.2d 114 (1992).

Our review of the charge in its entirety leads us to conclude that the trial court's instruction was an accurate statement of the law as to whether the sidewalk defect was the sole proximate cause of the plaintiff's injuries. Pursuant to § 13a-149, the plaintiff was required to prove, by a fair preponderance of the evidence, the following to establish liability: " '(1) that the [sidewalk] was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence.' *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981)." *Sullivan* v. *Norwalk,* supra, 452–53. Our Supreme Court has held that "[a] defendant town is liable only if the defect is demonstrated to be the *sole* proximate cause of the plaintiff's injury . . . ." (Emphasis in original.) *White* v. *Burns,* 213 Conn. 307, 316, 567 A.2d 1195 (1990). It opined that "when 'the Superior Court finds that the wrongful act of the plaintiff's driver [or the plaintiff himself] is *a* proximate cause of her injury, it finds a fact inconsistent with the liability of the town . . . .' [*Bartram* v. *Sharon,* 71

Conn. 686, 696, 43 A. 143 (1899)]." Id.[9] The inquiry then becomes whether the plaintiff's conduct amounts to *a* proximate cause of his injuries, and if so, the city's liability will not exist. Our case law makes clear that " '[p]roximate cause is . . . an act or failure to act which is a substantial factor in producing a result.' *Sanders* v. *Officers Club of Connecticut, Inc.,* 196 Conn. 341, 349, 493 A.2d 184 (1985)." *Blancato* v. *Randino,* 30 Conn. App. 810, 813, 622 A.2d 1032 (1993).[10]

The trial court properly instructed the jury as to this essential element of statutory liability. The charge gave an accurate recitation of the law as to proximate cause. It stated that proximate cause "refers to a cause which was a substantial factor in causing the accident, and resulting injuries in question." The trial court explained that the city's conduct must be the *sole* proximate cause of the plaintiff's injuries, and that the plaintiff's conduct must not have substantially contributed to his injuries, i.e., not be *a* proximate cause of his injuries. The trial court, in its charge, stated: "The city is liable where its conduct is the sole proximate cause of the fall. But if you find that fault on the part of the plaintiff was a proximate cause, or substantial factor in caus-

---

[9] See *Warner* v. *Liimatainen,* 153 Conn. 163, 165 n.2, 215 A.2d 406 (1965), which states: "Contributory negligence . . . is available as a defense whenever any negligence on the part of the plaintiff is *a* proximate cause of his injuries." (Emphasis added.) See also *Bartram* v. *Sharon,* 71 Conn. 686, 690, 43 A. 143 (1899) in which the court addresses the contributory negligence issue as follows: "If the negligence of himself or of a third person is also a proximate cause, he cannot say with truth that he was injured by the defect . . . ." (Emphasis added.)

[10] The language in *Sullivan* v. *Norwalk,* 28 Conn. App. 449, 457, 612 A.2d 114 (1992), stating that "it is settled that the substantial factor test is not the proper method of analysis for establishing causation under the statute [General Statutes § 13a-149]," is not inconsistent with this opinion. The *Sullivan* court was addressing causation as it related to the defendant's misconduct. In that context, the substantial factor test is not the appropriate test because the action is not one of negligence, but one for breach of a statutory duty on the part of the defendant.

ing his fall, that which we call contributory negligence, the city would not be liable."[11]

Read in its entirety, the court's charge to the jury set forth the legal requirements of contributory negligence in the context of a municipal sidewalk defect action, and did not mislead the jury. We conclude that the jury was properly guided by the court's instructions in reaching its verdict.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[11] The trial court also instructed the jury that it must not focus myopically on any one part of the charge. "I instruct you not to single out any sentence, or any individual point, or instruction in this charge, and ignore others. You're to consider all the instructions as a whole in light of each other."