[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action tried to the court arising from a fall on a City sidewalk brought against Waterbury for failure to comply with § 13a-149 of the Connecticut General Statutes (Defective CT Page 4196 Highway Statute). No special defense of contributory or comparative negligence was plead by the defendant City of Waterbury.
The court finds the following as facts:
1. Plaintiff, Marcia DeAngelis on November 30, 1995 at approximately 6:00 p. m. was crossing East Main Street, Waterbury at or near 201 East Main Street and stepped onto the adjoining sidewalk, which street and adjacent sidewalk was under the control of the City of Waterbury which had responsibility for maintaining same.
2. Plaintiff was picking up a friend at a hairdressing salon at said location as she had done on numerous occasions.
3. Plaintiff was wearing "flat" shoes and was watching where she was walking as she stepped up from the curb onto the sidewalk.
4. After she stepped onto the sidewalk, the toe of her shoe came into contact with a raised metal bolt in the sidewalk, causing her to fall to the ground where her head came into contact with the concrete sidewalk, also causing her to momentarily lose consciousness.
5. The raised metal bolts were rusted and worn and were approximately 1 inch higher than the pavement. There was no warning of bolts in sidewalk and no special lighting, although there were street lights in the area.
6. The bolts had been in the sidewalk for some time as evidenced by their rusted condition and constituted a defect in the sidewalk of which the city should have had actual or constructive knowledge.
7. The defect in the sidewalk was the sole proximate cause of plaintiff's fall and resulting injuries. Notice of the fall and of plaintiff's injury was duly given to the defendant.
8. Plaintiff's friend, whom she was picking up, drove her to Waterbury Hospital where she was treated at the emergency room for a large bump on her head. She also had bled from the mouth at the scene. At the emergency room she complained of dizziness, headaches and nausea. She was found to be suffering CT Page 4197 from a concussion with forehead abrasion and hematoma. Her hospital bill was $58.48.
9. While a CT scan was recommended at the hospital, plaintiff declined same as she did not have insurance. A friend stayed with her through the night as plaintiff was to be awakened periodically because of her concussion. That night she remained nauseous and suffered vomiting, headaches and pain in the head and neck.
10. As a result of her injures, plaintiff was treated numerous times by Doctor Robert Porzio, a chiropractor, whose bills were submitted. His bill totaled $1505 although not all of the treatment provided was for the injuries sustained in this occurrence, as there was treatment included in the billing for lumbar problems not claimed in this accident. Dr. Porzio has rated plaintiff with a 5% permanent partial disability of the cervical spine claimed to be prior to this incident. Plaintiff's life expectancy is 50.2 years.
11. Plaintiff testified that she was out of work 3-4 weeks from her employment as a private investigator earning $300 per week although Dr. Porzio's records show plaintiff was able to return to work in two weeks.
The court holds that plaintiff has by a fair preponderance of the evidence sustained her burden of proving the elements necessary to recover under § 13a-49 of the General Statutes i.e. 1) that the highway (sidewalk) was defective; 2) that the defendant actually knew of the particular defect or that in the exercise of its supervision of highways in the city, it should have known of the defect; 3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and 4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that plaintiff must prove freedom from contributory negligence.Lukas v. New Haven, 184 Conn. 204, 207 (1982); White v. Burns,213 Conn. 307, 316 (1990); Janow v. Ansonia, 11 Conn. App. 1, 3
(1987); Carbone v. New Britain, 33 Conn. App. 754, 758 (1994).
Plaintiff is awarded damages in the amount of $7500 plus costs. Judgment shall enter accordingly.
KULAWIS, J. CT Page 4198