[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The following facts are not in dispute. On February 2, 1996, at approximately 3:40 p. m. the plaintiff was a front seat passenger in a motor vehicle operated by her daughter, traveling in a westerly direction on East Main Street in Waterbury, Connecticut. The defendant City of Waterbury had the duty to maintain East Main Street pursuant to § 13a-149 of the Connecticut General Statutes. At said time and place the motor vehicle in which the plaintiff was a passenger collided with a stone wall and the plaintiff sustained injuries.
In order for a municipality to be liable under the defective highway statute, General Statutes § 13a-149, the city must be the sole proximate cause of the injury. White v. Burns,213 Conn. 307, 316, 567 A.2d 1195 (1990); Pajor v. Town of Wallingford,47 Conn. App. 365, 374 n. 6, 704 A.2d 247 (1997), cert. denied,244 Conn. 917, __ A.2d __ (1998); Sanborn v. Greenwald,39 Conn. App. 289, 304, 664 A.2d 803, cert. denied, 235 Conn. 925,666 A.2d 1186 (1995). "To prove a breach of statutory duty under §13a-149, the plaintiff must prove, by a fair preponderance of the evidence [:] (1) that the highway was defective as claimed; (2) CT Page 12779 that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed,which means that the plaintiff must prove freedom fromcontributory negligence. . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Prato v. City of New Haven,246 Conn. 638, 717 A.2d 1216 (1998). Sole proximate cause is the legal standard for municipal highway liability. White v. Burns,
supra, 213 Conn. 316.
If the plaintiff or a third party is partially responsible for the accident, the municipality cannot be held liable. "Our Supreme Court has held that [a] defendant town is liable only if the defect is demonstrated to be the sole proximate cause of the plaintiff's injury. . . . It opined that when the Superior Court finds that the wrongful act of the plaintiff's driver [or the plaintiff himself] is a proximate cause, of her injury, it finds a fact inconsistent with the liability of the town. . The inquiry then becomes whether the plaintiff's conduct amounts to a proximate cause of his injuries, and if so, the city's liability will not exist." (Citations omitted; internal quotation marks omitted.) Carbone v. New Britain, 33 Conn. App. 754, 758-59,638 A.2d 628, cert. denied, 230 Conn. 904, 644 A.2d 917 (1994). Proximate cause has been defined as "an act or failure to act which is a substantial factor in producing a result. . . ." (Citation omitted; internal quotation marks omitted.) Id., 759.
Thus, it is the plaintiff's burden to demonstrate that the city was the sole proximate cause of the injury.
In her complaint the plaintiff alleges that "there existed an accumulation of ice and snow on said highway. . . . causing the vehicle . . . to travel off the road, striking a rock wall." The plaintiff further claims a breach of duty by the City of Waterbury alleging inadequate sanding, failure to remedy, inadequate plowing, lack of warning and that the highway was unreasonably safe. The police report attached to the complaint indicated heavy front end damage to the vehicle which had to be towed from the scene. The plaintiff further alleges that she and her daughter were exercising due care. The defendant City filed an apportionment complaint and cited in Carol Rotella, operator CT Page 12780 of the vehicle in question as a party defendant. She was thereafter defaulted for failure to plead.
The following facts are relevant to this case. East Main Street is a public street or highway in the City of Waterbury and traffic moves in an east/west direction. By statute the City of Waterbury has the duty to maintain said street. According to the Woodbury reporting station the meteorological records (plaintiff's Ex. H) indicate that from 1:30 a.m. to 7:30 a.m. on the date of the accident there was precipitation in the form of .13 inches of rain and 2.0 inches of snow/ice pellets. The investigating police officer (Robles) filed a report (plaintiff's Ex. H) and testified. The court finds his testimony credible which was as follows: there was moderate to heavy traffic on East Main Street at the time of the accident; traffic was moving fine; there was adequate room for westbound traffic to travel around icy patches on the right hand side of the westbound lane of travel and that there was ice on the road.
A photograph was introduced which depicted a westerly view of East Main Street a short distance before the accident scene (plaintiff's Ex. A) and a second photograph depicted a westerly view of East main Street closer to the accident scene (plaintiff's Ex. B). Each photograph shows what appears to be an accumulation of hard packed ice between the northerly curb of the westbound lane extending into the westbound lane. However, the photographs were not taken until February 21 or February 22, 1996 and the same meteorological report indicates that 21.2 inches of snow or ice pellets alone fell between the date of the accident and the date the photographs were taken whereas there was very little snow or ice pellets that fell the two weeks before the accident.
The operator of the vehicle as well as her passengers were very familiar with East Main Street. One of the passengers lived very close to the scene of the accident. The passenger in the right rear of the vehicle gave credible testimony that the overall road condition was good and there was no ice on the traveled portion of the road. Mr. J. Robert Carroll, street superintendent for the City gave credible testimony that there were no complaints of ice or snow on the roadway of East Main Street on the date of the accident.
There was credible testimony that an oncoming motor vehicle with a toddler in it crossed into the westbound lane of travel CT Page 12781 causing the operator of the plaintiff's vehicle to swerve and hitting, a patch of ice. Further, a photograph (defendant's Ex. 4) of the vehicle in which the plaintiff was a passenger shows substantial damage which, according to the operator, resulted in the vehicle being a total loss.
The court finds that the defendant City of Waterbury was not the sole proximate cause of the accident and renders judgment in favor of said defendant.
John R. Caruso, J.