MARY E. SMITH *v.* CITY OF NEW HAVEN
(SC 16485)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued May 29—officially released September 11, 2001

*Audrey C. Kramer*, assistant corporation counsel, for the appellant (defendant).

*Michael S. Burrell*, for the appellee (third party defendant).

*Opinion*

BORDEN, J. The sole issue in this appeal[1] is whether a municipal defendant, sought to be held liable for breach of its statutory duty to maintain and repair local roadways under General Statutes § 13a-149,[2] may seek

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

[2] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days there-

indemnification from a third party who, the municipality alleges, actively and negligently caused the plaintiff's injuries. The defendant, the city of New Haven, appeals from the judgment of the trial court granting the motion for summary judgment of the third party defendant, The Mary Wade Home, Inc. (Mary Wade Home), on the defendant's third party complaint. On appeal before this court, the defendant claims that application of the sole proximate cause doctrine to the facts of this case does not preclude a cause of action for indemnification. We disagree and affirm the judgment of the trial court.

The plaintiff, Mary E. Smith, brought the underlying action against the defendant pursuant to § 13a-149, the municipal defective highway statute. The defendant then impleaded Mary Wade Home, a private landowner whose property abutted the location of the plaintiff's accident. By its third party complaint, the defendant brought a claim for indemnification against Mary Wade Home alleging that its "active conduct and negligence," rather than any act or omission by the defendant, "was the direct and immediate cause of . . . [the plaintiff's] injury . . . ."[3] Mary Wade Home moved to strike the defendant's third party complaint, and the trial court,

---

after be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[3] The plaintiff amended her complaint to add two counts of negligence against Mary Wade Home, which moved for summary judgment on the grounds that the counts were time barred. The trial court, *Blue, J.*, granted partial summary judgment in favor of Mary Wade Home on the plaintiff's amended complaint. That action is not before us in this appeal. We also note that the plaintiff subsequently settled with the defendant and withdrew the underlying action accordingly.

*Blue, J.*, granted the motion. The defendant then filed an amended third party complaint for indemnification. Mary Wade Home moved for summary judgment on the third party complaint, which the trial court, *Licari, J.*, granted, and rendered judgment accordingly. This appeal followed.

The facts and procedural history relevant to this appeal are as follows. The plaintiff brought an action against the defendant for injuries resulting from an April 23, 1996 incident that occurred on Pine Street in New Haven. As the plaintiff was descending a handicap ramp from the sidewalk into the street, she allegedly stepped into a hole. Her foot caught against the side of the hole and she fell, fracturing her arm and sustaining several cuts and bruises. The plaintiff then brought a complaint against the defendant pursuant to § 13a-149, alleging that the defendant had breached its duty to maintain its streets in a reasonably safe condition, which resulted in her injuries.

The defendant thereafter impleaded Mary Wade Home, whose property abutted Pine Street. By way of a third party complaint, the defendant alleged that Mary Wade Home had constructed the handicap ramp that the plaintiff was descending at the time of her accident, and that it had failed to obtain the requisite permit for the installation of the ramp. According to the defendant, the construction of the handicap ramp had caused the surface of the roadway to become "uneven, raised . . . of varying heights and in a state of disrepair that it rendered pedestrian traffic hazardous and dangerous . . . ." The defendant also alleged that Mary Wade Home had exclusive control over the locus of the accident, that Mary Wade Home knew or should have known that installation of the ramp had caused a tripping hazard to pedestrians, and that Mary Wade Home was negligent in not correcting or repairing the defect. As a result, the defendant alleged, Mary Wade Home had

a duty to indemnify it against any damages recovered by the plaintiff.

Mary Wade Home moved to strike the third party complaint for indemnification, which the trial court granted. The defendant then filed an amended third party complaint against Mary Wade Home. Mary Wade Home moved for summary judgment on the amended complaint, claiming that the doctrine of sole proximate cause was incompatible with principles of indemnification. The trial court rendered summary judgment in favor of Mary Wade Home.

The defendant claims that the sole proximate cause doctrine regarding municipal liability under § 13a-149 does not preclude an action for indemnification. The defendant argues that the sole proximate cause doctrine precludes the liability of a municipality for injuries resulting from defects in its sidewalks or roadways only when the plaintiff was contributorily negligent. Thus, according to the defendant, a municipality can be held liable under § 13a-149 even when a third party's negligence was a contributing cause of the plaintiff's injuries. The defendant contends further that where, as here, the municipality has paid the plaintiff in satisfaction of her claims, it is entitled to indemnification by the alleged third party tortfeasor whose active negligence was primarily responsible for the plaintiff's injuries. We conclude that, because the sole proximate cause doctrine precludes municipal liability, not only where the plaintiff was contributorily negligent, but also where other purported tortfeasors or independent nontortious factors contributed to the injury, no right to indemnification exists in actions brought pursuant to § 13a-149. Accordingly, we affirm the judgment of the trial court.

We focus primarily on the scope of the sole proximate cause doctrine as applied in the context of the municipal defective highway statute because this issue is disposi-

tive of the defendant's claim for indemnification.[4] The roots of § 13a-149 extend as far back as 1672, when our legislature originally abrogated municipal common-law immunity for actions arising from defective highway conditions. See *White* v. *Burns*, 213 Conn. 307, 313, 567 A.2d 1195 (1990). The 1672 act was similar in both language and import to its progeny, § 13a-149. That act was codified at § 2673 of the 1887 revision of the General Statutes, and provided in relevant part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair; but no action for any injury shall be maintained against any town, city, corporation, or borough, unless written notice of such injury, and the nature and cause thereof . . . be given to a selectman of such town or to the clerk of such city, corporation, or borough . . . ."

We first identified sole proximate cause as the standard for determining municipal liability under the 1672 act in *Bartram* v. *Sharon*, 71 Conn. 686, 690, 43 A. 143 (1899). In *Bartram*, the court acknowledged that, under the statute, a municipality should be held responsible for any injuries resulting from a defect in the highway of which the town knew or should have known, and that the town failed or neglected to repair despite having reasonable time to do so. Id., 694–95. We also stated, however, that "[i]t is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of himself *or of a third person* is also a proximate cause, he cannot say with truth that he was injured by the defect; he can only say with truth that he was injured by his own or another's carelessness

---

[4] During oral argument before this court, the defendant conceded that, if it were mistaken in its interpretation of the sole proximate cause standard, its claim for indemnification must fail.

and the defect, and the two combined give no cause of action under the statute." (Emphasis added.) Id., 690.

Thus, from the inception of the sole proximate cause doctrine, we have embraced the notion that a municipality's liability under the defective highway statute may be defeated by a showing of negligence on the part of either the plaintiff or some third party. See *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 197, 592 A.2d 912 (1991) ("[§] 13a-149 does not permit recovery unless the defect was the sole proximate cause of the injury, even if the concurring cause was a third party's negligence"); *Roth* v. *MacDonald*, 124 Conn. 461, 463, 200 A. 725 (1938) (driver's negligence was contributing factor to accident, relieving municipality of liability for passengers' injuries); *Messina* v. *New Haven*, 119 Conn. 166, 168, 174 A. 188 (1934) ("when an injury results from a defect combined with the culpable negligence of a third party it cannot be said to have been caused by the defect, and cannot be made the subject of recovery under the statute giving a right of action against a municipality for injuries resulting from such defect"). We also have recognized that natural causes or conditions may vitiate a municipality's liability under the statute. See *Frechette* v. *New Haven*, 104 Conn. 83, 89, 132 A. 467 (1926) ("if the injury would not have occurred but for the natural cause, the defect cannot be held to have produced the injury, nor can it be held to have been the essential cause of the injury"); *Messina* v. *New Haven*, supra, 168 ("[w]here . . . the injury is the result of a defect combined with an accident—in the sense of an occurrence for which no one is responsible—or a natural cause which was a natural incident of the use of the highway, the municipality is liable unless it appears that the accident or natural cause was so direct and separate in its operation that it, and not the defect, must be held to have been the essential or

proximate cause of the injury"); *Agriesto* v. *Fairfield*, 130 Conn. 410, 413, 35 A.2d 15 (1943) (same).

In two recent cases, *Williamson* v. *Commissioner of Transportation*, 209 Conn. 310, 321, 551 A.2d 704 (1988), and *White* v. *Burns*, supra, 213 Conn. 315, we confirmed that the presence of third party negligence vitiates statutory governmental liability for the failure to maintain and repair highways, roadways and bridges. Although these cases dealt specifically with General Statutes § 13a-144,[5] the state defective highway statute,

[5] General Statutes § 13a-144 provides: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. Such action shall be tried to the court or jury, and such portion of the amount of the judgment rendered therein as exceeds any amount paid to the plaintiff prior thereto under insurance liability policies held by the state shall, upon the filing with the Comptroller of a certified copy of such judgment, be paid by the state out of the appropriation for the commissioner for repair of highways; but no costs or judgment fee in any such action shall be taxed against the defendant. This section shall not be construed so as to relieve any contractor or other person, through whose neglect or default any such injury may have occurred, from liability to the state; and, upon payment by the Comptroller of any judgment rendered under the provisions of this section, the state shall be subrogated to the rights of such injured person to recover from any such contractor or other person an amount equal to the judgment it has so paid. The commissioner, with the approval of the Attorney General and the consent of the court before which any such action is pending, may make an offer of judgment in settlement of any such claim. The commissioner and the state shall not be liable in damages for injury to person or property when such injury occurred on any highway or part thereof abandoned by the state or on any portion of a highway not a state highway but connecting with or crossing a state highway, which portion is not within the traveled portion of such state highway. The requirement of notice specified in this section shall be deemed

they are nonetheless persuasive authority with respect to the construction of the municipal defective highway statute because §§ 13a-144 and 13a-149 have always been regarded as in pari materia as far as the scope of the governmental entity's obligation is concerned.[6]

At issue in *Williamson v. Commissioner of Transportation,* supra, 209 Conn. 310, was the propriety of certain jury instructions. In discussing the plaintiff's burden of proof, the trial court charged: "If there has been an injury caused by a defect in the highway, and all other elements have been proven, the plaintiff may still not recover unless she shows that there is no negligence, carelessness or inattention by herself *or a third person* which contributed to such injury. That is to say that even if the road were defective, if there is any negligence by the [plaintiff], even one percent, she may not recover. *Likewise, if a third person was careless, and that carelessness caused in any way the plaintiff's*

complied with if an action is commenced, by a writ and complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice."

[6] We acknowledge that there are certain differences between the language of the state defective highway statute and the municipal defective highway statute that may, on occasion, necessitate separate treatment. For example, the municipal statute has a savings clause with respect to the provision of requisite notice that is absent from the state statute. Also, the state statute provides the government with a right of subrogation against third party tortfeasors, language that is without parallel in the municipal statute. To the extent that their language and purpose overlap, however, §§ 13a-144 and 13a-149 have always been read in concert. See, e.g., *Ormsby v. Frankel,* 255 Conn. 670, 675 n.5, 768 A.2d 441 (2001) ("there is no material difference in the obligation imposed on the state by § 13a-144 and that imposed on municipalities by . . . § 13a-149" [internal quotation marks omitted]); see also *Perrotti v. Bennett,* 94 Conn. 533, 542, 109 A. 890 (1920) ("the legislative intent [of § 13a-144] was to impose upon the highway commissioner, as the representative of the [s]tate, the same burden theretofore laid upon the towns as respects these highways, and [therefore] the limitations upon municipal liability apply equally to [s]tate liability"). We therefore use case law pertaining to the statutes interchangeably in discussing the scope of the sole proximate cause doctrine.

*injuries, she is not entitled to recover, which likewise, if a third person were careless, negligent, and that caused in any way the plaintiff's injuries, she is not entitled to recover.*" (Emphasis added; internal quotation marks omitted.) Id., 321. We concluded that "[t]he court's charge on third party negligence [was] a correct statement of the law"; id.; and cited *Bartram* v. *Sharon,* supra, 71 Conn. 690, for support.

Even more recently, in *White* v. *Burns,* supra, 213 Conn. 310–11, we were asked to reexamine our construction of the state defective highway statute and to abandon sole proximate cause as the standard for governmental liability. In declining to do so, we discussed the history of §§ 13a-144 and 13a-149, paying particular attention to *Bartram* and the origins of sole proximate cause. Id., 313–16. We cited with approval that portion of *Bartram* in which the court had observed: "[A]n injury caused by the culpable negligence of a [plaintiff] . . . does not happen by means of or through a defect in the highway, even if such defect were a concurring cause. One reason why a person injured through his own carelessness cannot maintain an action against the town is, that the injury caused by his own carelessness is not through or by means of the defect. *This reason applies with equal force when the injury is caused through the carelessness of a third person.*" (Emphasis in original; internal quotation marks omitted.) Id., 315.

Municipal liability under § 13a-149 may thus be defeated by more than just the fact that the plaintiff was contributorily negligent. As our cases illustrate, if the negligence of a third party is also responsible for the plaintiff's injuries, the municipality will be completely exonerated. Once we arrive at this correct statement of the law, it becomes apparent that the defendant's common-law claim for indemnification under *Kaplan*

v. *Merberg Wrecking Corp.*, 152 Conn. 405, 207 A.2d 732 (1965), must fail.

*Kaplan* imposes an implied obligation of indemnity on a tortfeasor whose *active* negligence is primarily responsible for a plaintiff's injuries, thus superseding the indemnitee's *passive* negligence. Id., 412. To assert a claim for indemnification under *Kaplan,* an out-of-pocket defendant must show that: (1) the party against whom the indemnification is sought was negligent; (2) that party's active negligence, rather than the defendant's own passive negligence, was the direct, immediate cause of the accident and the resulting injuries and death; (3) the other party was in control of the situation to the exclusion of the defendant seeking reimbursement; and (4) the defendant did not know of the other party's negligence, had no reason to anticipate it, and reasonably could rely on the other party not to be negligent. Id., 416.

The presence of two tortfeasors is thus required for a viable claim of indemnification under *Kaplan*: one, whose passive negligence resulted in a monetary recovery by the plaintiff; and a second, whose active negligence renders him liable to the first by way of reimbursement. Id., 415. A finding of two culpable tortfeasors, however, is logically inconsistent with our definition of sole proximate cause because a determination that the defect in question is the sole proximate cause of the plaintiff's injuries implicitly relieves any third parties from liability. There is, therefore, no right to indemnification on the part of the municipality.

Put another way, the presence of third party negligence necessarily results in a finding that the defect was not the sole proximate cause of a plaintiff's injuries. Such a determination would relieve the municipality of all liability, thereby vitiating the basis for indemnification. Because § 13a-149 either renders the municipality,

and the municipality alone, liable to the plaintiff, or exculpates the municipality entirely, the equitable obligation to indemnify a municipality under *Kaplan* does not exist in actions brought under § 13a-149.

Moreover, in *Lukas* v. *New Haven*, 184 Conn. 205, 212, 439 A.2d 949 (1981), we acknowledged that "[General Statutes] § 52-572h does not apply to actions for personal injuries based on . . . § 13a-149." Section 52-572h governs, in part, liability for multiple tortfeasors in negligence actions. It expressly provides for an apportionment of liability among those individuals whose negligence is found to be the proximate cause of a plaintiff's injury and a right of contribution for parties who pay more than their proportionate share of the judgment. That this right of contribution is not applicable in the context of § 13a-149 is additional, persuasive evidence that no right to indemnification exists where a defective municipal road is found to be the sole proximate cause of the plaintiff's injuries. Irrespective of the substantive differences between the common-law doctrines of contribution and indemnification,[7] both are premised on the same fundamental principle that the party seeking redress from a codefendant must have been negligent. As previously stated, a finding of sole proximate cause under § 13a-149 places liability solely on the shoulders of the municipality that had the burden of maintaining and repairing defects in its roads or sidewalks. Such a finding thus precludes the legal possibility that another party also may be responsible for a plaintiff's injuries. Moreover, if the

---

[7] We have observed that "[i]n an action for indemnity, as distinguished from an action for contribution, one tortfeasor seeks to impose total liability upon another [tortfeasor]. . . . [I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." (Internal quotation marks omitted.) *Crotta* v. *Home Depot, Inc.*, 249 Conn. 634, 641–42, 732 A.2d 767 (1999).

68

negligence of either the plaintiff or a third party was a contributing factor, the municipality necessarily will be relieved of any liability under the statute. In that instance, the municipality cannot be deemed to have been negligent, and therefore may not have any right of indemnification against a third party.

The judgment is affirmed.

In this opinion the other justices concurred.