ANNA KASTANCUK, COADMINISTRATOR (ESTATE OF SHERRIE KASTANCUK) *v.* TOWN OF EAST HAVEN ET AL.
(AC 30041)

Bishop, Robinson and Alvord, Js.

Argued December 8, 2009—officially released April 6, 2010

*David T. Grudberg,* for the appellant (plaintiff).

*Nicole Fournier-Gelston,* with whom, on the brief, was *Hugh F. Keefe,* for the appellees (defendants).

### Opinion

ROBINSON, J. The plaintiff, Anna Kastancuk, co-administrator of the estate of Sherrie Kastancuk, appeals from the judgment of the trial court rendered in favor of the defendants, the town of East Haven and several members of its police department,[1] granting their motion to strike the plaintiff's amended complaint. Specifically, the plaintiff claims that the court improperly found that the defendants were entitled to governmental immunity as to her claim of negligence because the duties she alleged were discretionary. We disagree and affirm the judgment of the trial court.

Because the issues raised in the plaintiff's appeal concern the granting of a motion to strike, we are limited to, and must accept as true, the following facts as alleged in the plaintiff's complaint. See *Waters* v. *Autuori,* 236 Conn. 820, 822, 676 A.2d 357 (1996). "On February 2, 2002, at approximately 1:11 p.m., [the] plaintiff's decedent, Sherrie [Kastancuk, was] arrested on a

---

[1] The defendants include the town of East Haven, Lisa Scaramella, John Cascio, Edward Peterson, Gary DePalma and Leonard Gallo. At all relevant times, these individuals were employed by the East Haven police department.

shoplifting charge, and taken into custody by officers of the New Haven [p]olice [d]epartment." The decedent was then transported to the East Haven police department, where she arrived at approximately 1:30 p.m. Upon arrival, the decedent was placed in a locked holding cell, "the lockup," where she was under the care of the defendants. The police department lockup area was equipped with video cameras, as well as audio monitors, which enabled officers at the main desk and dispatch area to monitor individuals being held in the lockup cells. The decedent remained in custody at the police department through the afternoon of February 2, 2002, because she was unable to post the bond that had been set for her. At approximately 3:30 p.m., Lisa Scaramella went to the lockup area to check on the decedent after noticing her standing with her back to the camera and her arms crossed. Between 3:30 p.m. and 5:56 p.m., none of the defendants, nor any other police officer, checked on the decedent or took any other steps to ensure her safety and well-being. At some point during this time, the decedent committed suicide by hanging herself in her holding cell at the police department.

On March 5, 2004, the plaintiff filed a complaint against the defendants. On January 14, 2005, the plaintiff filed a revised amended complaint alleging that (1) the defendant members of the police department, in their individual capacities, violated 42 U.S.C. § 1983, (2) the defendant town violated 42 U.S.C. § 1983 and (3) all of the defendants were liable for common-law negligence. In count three of the complaint, the plaintiff alleged that the defendants were negligent for breaching their duty (1) to monitor adequately and to care for the well-being of the decedent after she was arrested and taken into custody, (2) to provide adequate facilities by which appropriate monitoring of the decedent could be performed while she was in the custody of the police

department, (3) to make reasonable inspections of the decedent while she was incarcerated and to monitor her activities to ensure that she did not take her own life or engage in self-destructive conduct, (4) to install or to maintain adequate lighting in the area in which holding cells were located within the police department so that existing monitoring equipment could properly and adequately allow monitoring of prisoners, (5) to remove potentially harmful clothing from the decedent prior to her being placed in a holding cell, (6) to implement or to maintain adequate policies, protocols or standards of care for individuals in the custody of the police department or the agents thereof and (7) to train adequately or to supervise adequately the officers of the police department who were responsible for the care, custody and control of the decedent.

On March 1, 2005, the defendants filed a motion to strike the plaintiff's revised amended complaint. On February 1, 2008, the court granted the defendants' motion to strike as to all three counts of the complaint and filed an accompanying memorandum of decision. The defendants filed a motion for judgment, which was granted on May 27, 2008. This appeal followed.[2]

The plaintiff claims that the court improperly granted the defendants' motion to strike her negligence claim because the defendants were not entitled to governmental immunity. Specifically, the plaintiff argues that the court improperly found that the defendants' acts were discretionary, which allowed for a finding of governmental immunity, based only on the allegations in her complaint. We disagree.

We begin our analysis by setting forth the applicable standard of review. "The standard of review in an appeal challenging a trial court's granting of a motion to strike

_____

[2] The plaintiff does not appeal from the judgment rendered on the stricken counts of her complaint alleging violations of 42 U.S.C. § 1983.

is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Ameriquest Mortgage Co.* v. *Lax,* 113 Conn. App. 646, 649, 969 A.2d 177, cert. denied, 292 Conn. 907, 973 A.2d 103 (2009).

"The general rule is that governments and their agents are immune from liability for acts conducted in performance of their official duties. The common-law doctrine of governmental immunity has been statutorily enacted and is now largely codified in General Statutes § 52-557n." (Internal quotation marks omitted.) *Martin* v. *Westport,* 108 Conn. App. 710, 729, 950 A.2d 19 (2008). Section 52-557n (a) (1) sets forth the circumstances when a political subdivision[3] will be held liable for damages to a person. This statute provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . ." General Statutes § 52-557n (a) (1) (A). The statute also lists two exceptions to the statutory abrogation of governmental immunity. The exception relevant to this appeal provides: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority

---

[3] The town of East Haven is considered a political subdivision of the state under § 52-557n (a) (1). See *Swanson* v. *Groton,* 116 Conn. App. 849, 854–55, 977 A.2d 738 (2009).

expressly or impliedly granted by law." General Statutes § 52-557n (a) (2).

The plaintiff included both the defendant town and its employees in their individual capacities in the claim of negligence. "Generally, the common law states that a municipal employee is liable for the misperformance of a ministerial act, but has a qualified immunity in the performance of a discretionary act. . . . This employee immunity for discretionary acts is identical to the municipality's immunity for its employees' discretionary acts under § 52-557n." (Citation omitted.) *Myers* v. *Hartford*, 84 Conn. App. 395, 401, 853 A.2d 621, cert. denied, 271 Conn. 927, 859 A.2d 582 (2004).

"The hallmark of a discretionary act is that it requires the exercise of judgment. . . . In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. . . . Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." (Citations omitted; internal quotation marks omitted.) *Martel* v. *Metropolitan District Commission*, 275 Conn. 38, 48–49, 881 A.2d 194 (2005).

The plaintiff's complaint alleged that the defendants failed to perform duties, all of which inherently require discretion, i.e., the removal of *potentially* harmful clothing, the *reasonable* inspection of the decedent and the maintaining of *adequate* lighting. Furthermore, the plaintiff offered no evidence demonstrating that a policy or procedure existed that required the defendants to complete these duties in a prescribed manner.[4] See id., 50.

The judgment is affirmed.

In this opinion the other judges concurred.

[4] The plaintiff also argues that, when making its decision on the motion to strike, the court improperly assumed that her negligence claim was based

on the exception to governmental immunity that "when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable [or foreseeable] person to imminent harm, the public officer is not entitled to qualified immunity." (Internal quotation marks omitted.) *Fleming* v. *Bridgeport,* 284 Conn. 502, 532, 935 A.2d 126 (2007). Our review of the court's granting of the motion to strike is plenary, however, so irrespective of the court's reasoning, we conclude that based on the facts alleged in the pleadings, the court's decision was correct as a matter of law.