******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY J. PELLECCHIA, ADMINISTRATOR
(ESTATE OF ANTHONY E. PELLECCHIA)
*v.* CONNECTICUT LIGHT AND
POWER COMPANY ET AL.
(AC 34610)

DiPentima, C. J., and Robinson and Sheldon, Js.*

*Argued October 25, 2013—officially released January 21, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Complex Litigation Docket, Bright, J.)

*Michael C. Deakin*, for the appellant (defendant-third
party plaintiff Quinebaug Valley Emergency Communi-
cations, Inc.).

*Scott R. Ouellette*, for the appellees (third party defen-
dant Town of Killingly et al.).

*Opinion*

ROBINSON, J. The defendant and third party plaintiff in the underlying wrongful death action, Quinebaug Valley Emergency Communications, Inc. (QVEC), which operates a 911 emergency notification and dispatch center in northeastern Connecticut, appeals from the judgment of the trial court rendered following the granting of a motion to strike QVEC's third party complaint.[1] The motion to strike was filed by the third party defendants, the Town of Killingly, David Sabourin, and Anthony Shippee (town defendants). QVEC claims that the court improperly granted the town defendants' motion to strike based on the court's erroneous determination that the factual allegations of the third party complaint invoked the municipal highway defect statute, General Statutes § 13a-149. On the basis of that determination, the court ultimately concluded that QVEC could not state a proper cause of action because QVEC had failed to allege that it complied with the notice requirement of § 13a-149, QVEC had not alleged that it was a "traveler" as required under § 13a-149, and indemnification is not appropriate when the allegations of third party negligence invoke § 13a-149. We agree that QVEC cannot, as a matter of law, state a claim for indemnification on the facts alleged and, accordingly, we affirm the judgment of the court.

The following facts, as alleged in the third party complaint, are relevant to our resolution of the present appeal. On July 28, 2006, at approximately 6 p.m., Shippee, acting in his capacity as the assistant highway superintendent for the Town of Killingly (town), observed live, downed power lines on a section of Mashentuck Road.[2] Mashentuck Road is a public highway located in the town, and the highway is maintained and controlled by the town. Shippee notified Sabourin, the town's highway superintendent, of the downed power lines, and the two placed orange cones on the highway where Mashentuck Road intersected with the two nearest crossroads. They then left the area. Thereafter, Anthony E. Pellecchia was electrocuted and died when the motorcycle he was driving came into contact with the downed, energized power lines.

In June, 2008, the administrator of the decedent's estate commenced a wrongful death action alleging, inter alia, that QVEC, which was notified of the downed power lines at approximately 6:15 p.m. on July 28, 2006, was negligent in failing to provide timely notice of the downed lines to the utility defendants.[3] In August, 2011, QVEC filed a third party complaint seeking indemnification from the town defendants. QVEC alleged in the third party complaint that any negligence attributable to QVEC due to its alleged failure to timely notify the utility defendants of the downed power lines was passive in nature and that the direct and immediate cause of the decedent's electrocution was the active negli-

gence of the town defendants in failing to close properly that section of Mashentuck Road over which the power lines had fallen to vehicular traffic.

The town defendants filed a motion to strike the third party complaint and accompanying memorandum of law on September 7, 2011. The town defendants argued, inter alia, that the third party complaint should be stricken because a claim for indemnification could not be brought against a municipality or its employees for what constituted a defective highway claim under § 13a-149.[4] QVEC filed a memorandum of law in opposition to the motion to strike the third party complaint, arguing that the allegations in the third party complaint properly set forth a claim for common-law indemnification on an active/passive negligence theory.

The court issued a decision granting the motion to strike on January 25, 2012. The court first determined that the allegations in the third party complaint could only reasonably be read as stating a claim against the town for failing to properly maintain a public road. The court reasoned that because such a claim could only be brought pursuant to § 13a-149, QVEC was obligated to comply with all of the requirements of § 13a-149. The court concluded that QVEC failed to allege in the third party complaint that it had provided the town defendants with the statutorily required notice; that the statute permitted recovery only by an injured traveler, but QVEC's claims were based on injuries sustained by the decedent and not upon injuries of its own; and that QVEC was not entitled to indemnification because such a claim requires multiple tortfeasors and is therefore inconsistent with the requirement of § 13a-149 that the municipality's negligence be the sole proximate cause of the injuries. On March 7, 2012, the court rendered judgment against QVEC on the stricken complaint. This appeal followed.

QVEC claims on appeal that the court improperly granted the town defendants' motion to strike its third party complaint on the basis of its erroneous determination that the factual allegations of the third party complaint invoked the municipal highway defect statute, § 13a-149. We disagree.

"A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Kastancuk* v. *East Haven*, 120 Conn. App. 282, 286, 991 A.2d 681 (2010).

QVEC contends that its third party complaint properly states a cause of action for common-law indemnity against the town defendants. "Ordinarily there is no

right of indemnity or contribution between joint tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between 'active or primary negligence,' and 'passive or secondary negligence.' . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Internal quotation marks omitted.) *Skuzinski* v. *Bouchard Fuels, Inc.*, 240 Conn. 694, 697, 694 A.2d 788 (1997).

"A plaintiff in an action for indemnification not based on statute or express contract, who had been a codefendant in a prior action with a joint tortfeasor, can recover indemnity from that codefendant only by establishing four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." *Kyrtatas* v. *Stop & Shop, Inc.*, 205 Conn. 694, 698, 535 A.2d 357 (1988). Accordingly, to survive a motion to strike, QVEC had the burden of alleging facts that, if proven, established each of those elements. See *Skuzinski* v. *Bouchard Fuels, Inc.*, supra, 240 Conn. 698.

Before turning to the specific allegations raised by QVEC in the third party complaint and deciding whether, on the basis of our plenary review, those allegations are sufficient to state a cause of action for indemnification, a brief discussion regarding claims of liability against municipal defendants is necessary. General Statutes § 52-557n both codifies and limits the common-law doctrine of governmental immunity. See *Kumah* v. *Brown*, 307 Conn. 620, 627, 58 A.3d 247 (2013). Section 52-557n (a) provides in relevant part that "*no cause of action* shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to [§] 13a-149." (Emphasis added.) An action in accordance with the provisions of § 13a-149 has been held to provide the exclusive remedy for *all claims* directed toward a municipality or its agents for damages resulting from a highway defect. See *Ferreira* v. *Pringle*, 255 Conn. 330, 341, 766 A.2d 400 (2001); *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 192, 592 A.2d 912 (1991).

A highway defect is "any object or condition in, upon, or near the traveled path which would necessarily

obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." (Internal quotation marks omitted.) *Horrigan* v. *Washington*, 144 Conn. App. 536, 542, 72 A.3d 1265, cert. denied, 310 Conn. 939, A.3d (2013). "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . ." (Internal quotation marks omitted.) *Ferreira* v. *Pringle*, supra, 255 Conn. 341–42.

The fact that a party fails to reference § 13a-149 in the allegations of a complaint does not preclude a court from construing, on the basis of the facts alleged in the pleading, that the complaint invokes § 13a-149. See id., 337; see also *Himmelstein* v. *Windsor*, 116 Conn. App. 28, 39, 974 A.2d 820 (2009) (complaint may contain allegations sufficient to invoke § 13a-149 despite absence of citation to statute), aff'd, 304 Conn. 298, 39 A.3d 1065 (2012); *Bellman* v. *West Hartford*, 96 Conn. App. 387, 393–94, 900 A.2d 82 (2006) ("[e]ven if a plaintiff does not plead § 13a-149 as a means for recovery, if the allegations in the complaint and any affidavits or other uncontroverted evidence necessarily invoke the defective highway statute, the plaintiff's exclusive remedy is § 13a-149").

Perhaps most germane to the discussion now before us, "[o]ur cases clearly hold that a cause of action under § 13a-149 is not based upon negligence. It is settled law in this state that the liability of the defendant under § 13a-149 is purely for breach of statutory duty and does not arise from negligence." (Internal quotation marks omitted.) *Prato* v. *New Haven*, 246 Conn. 638, 645, 717 A.2d 1216 (1998). It is also well settled that "[b]oth the state and the municipal highway defect statutes require that the highway defect is the sole proximate cause of the plaintiff's injuries, which precludes recovery against the state or a municipality in the event that the injury was caused by a combination of the defect and negligence on the part of the injured party or a third party." *Himmelstein* v. *Windsor*, 304 Conn. 298, 313, 39 A.3d 1065 (2012). In other words, "if the negligence of a third party is also responsible for the plaintiff's injuries, the municipality will be completely exonerated." *Smith* v. *New Haven*, 258 Conn. 56, 65, 779 A.2d 104 (2001).

In its third party complaint, QVEC alleges that Mashentuck Road is a public highway that is maintained and controlled by the town defendants. QVEC further alleges that the decedent was electrocuted by downed power lines "on" Mashentuck Road. Electrified power lines lying on a roadway necessarily would obstruct or hinder safe travel and, thus, properly are construed as alleging a highway defect. On the basis of our review of all the allegations in its third party complaint, we agree with the court that allegations to the effect that

"the town defendants were responsible for maintaining a road upon which travel had become unsafe due to downed electrical wires" necessarily invoke § 13a-149, because a claim under that statute is the only means by which a town can be held liable for damages resulting from injury to a person by means of a defective road. See General Statutes § 52-557n. QVEC's arguments to the contrary are unpersuasive.

As set forth previously in this opinion, to state a proper cause of action for indemnification, QVEC needed to allege sufficient facts to show that the town defendants were negligent. Because, as a matter of law, the allegations regarding the actions of the town defendants legally can only be construed as allegations that the town defendants breached their statutory duty pursuant to § 13a-149 and not as allegations of negligence; see *Prato* v. *New Haven*, supra, 246 Conn. 645; the third party complaint necessarily fails to state a proper cause of action for common-law indemnification.

Additionally, we agree with the trial court that a cause of action for indemnification is inconsistent with, and thus vitiated by, allegations of acts or omissions that necessarily invoke § 13a-149. This court, by memorandum decision, previously has affirmed a trial court's decision to strike an apportionment complaint in which the court held that a municipality could not be an apportionment defendant based on allegations of injuries caused by a defective highway. The court in that case reasoned that "in order for apportionment of liability to apply, the apportionment plaintiffs would need to be found partly responsible for the plaintiff's injuries, and thus, the highway defect could not be the sole proximate cause of the accident. *Bradley* v. *Randall*, Superior Court, judicial district of Windham, Docket No. CV 95-0052173 (April 8, 1996) (18 Conn. L. Rptr. 636), aff'd, 45 Conn. App. 924, 696 A.2d 1323, cert. denied, 243 Conn. 923, 701 A.2d 339 (1997)." *Priore* v. *Longo-McLean*, 143 Conn. App. 249, 262, 70 A.3d 147 (2013).

That same rationale applies equally to defeat QVEC's indemnification cause of action against the town defendants. As with apportionment, indemnification requires the existence of two tortfeasors. See *Smith* v. *New Haven*, supra, 258 Conn. 60; *Skuzinski* v. *Bouchard Fuels, Inc.*, supra, 240 Conn. 697. In *Smith*, the defendant city sought to implead a third party whose active negligence the city alleged had caused the plaintiff's injuries. *Smith* v. *New Haven*, supra, 58. The trial court granted summary judgment in favor of the third party, noting that two tortfeasors are necessary to state a claim of indemnity. Id., 66. Our Supreme Court affirmed the trial court's decision, concluding: "A finding of two culpable tortfeasors . . . is logically inconsistent with our definition of sole proximate cause because a determination that the defect in question is the sole proxi-

mate cause of the plaintiff's injuries implicitly relieves any third parties from liability. . . . Put another way, the presence of third party negligence necessarily results in a finding that the defect was not the sole proximate cause of a plaintiff's injuries. *Such a determination would relieve the municipality of all liability, thereby vitiating the basis for indemnification.* Because § 13a-149 either renders the municipality, and the municipality alone, liable to the plaintiff, or exculpates the municipality entirely, the equitable obligation to indemnify a municipality . . . does not exist in actions brought under § 13a-149." (Emphasis added.) Id., 66–67. The very same rationale that precludes a municipality from seeking indemnity from a third party necessarily would also preclude the reverse. Although QVEC argues to the contrary, its arguments are unsupported and unavailing.

In order to recover under a theory of indemnification, QVEC must allege and later be found to have engaged in negligent conduct separate from that of the town defendants. Because the town defendants can only be held liable pursuant to § 13a-149, and § 13a-149 requires that the town defendants' conduct be the sole proximate cause of the damages alleged in order for liability to attach, any negligence on the part of QVEC negates the possibility of relief from the town defendants on a theory of common-law indemnification.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The named plaintiff, Anthony J. Pellecchia, acting in his capacity as the administrator of the estate of the decedent, Anthony E. Pellecchia, and the defendants Connecticut Light and Power Company, Northeast Utilities and Northeast Utilities Services Company (utility defendants) are not parties to the third party complaint and did not participate in this appeal.

[2] Although not alleged in the third party complaint, it is undisputed that, prior to the discovery of the downed power lines, a severe thunder and lightning storm had moved through the area.

[3] In addition to QVEC, the administrator also brought allegations of wrongful death against the town defendants and the utility defendants. The trial court rendered judgments of nonsuit against the plaintiff on his claims against the town defendants and the utility defendants, which judgments were affirmed by this court. See *Pellecchia* v. *Connecticut Light & Power Co.*, 126 Conn. App. 903, 12 A.3d 641 (2011). The administrator later commenced new actions against the utility defendants and the town defendants, but those subsequent actions were dismissed. See *Pellecchia* v. *Connecticut Light & Power Co.*, 139 Conn. App. 88, 54 A.3d 658 (2012) (affirming judgment dismissing new action brought against utility defendants because action filed outside statute of limitation period and not saved by accidental failure of suit statute), cert. denied, 307 Conn. 950, 60 A.3d 740 (2013); *Pellecchia* v. *Killingly*, 147 Conn. App. 299,    A.3d.    (2013) (same as to new action against town defendants).

[4] Alternatively, the town defendants argued that the claims against them were barred by governmental immunity pursuant to General Statutes § 52-557n. Because the court agreed that QVEC could not maintain its indemnification action, it did not address the alternative jurisdictional claim.