ANTHONY J. PELLECCHIA, ADMINISTRATOR
(ESTATE OF ANTHONY E. PELLECCHIA)
*v.* CONNECTICUT LIGHT AND
POWER COMPANY ET AL.
(AC 33806)

Robinson, Espinosa and Sheldon, Js.

---

Argued September 14—officially released November 6, 2012

*Jason L. McCoy*, for the appellant (plaintiff).

*Giovanna Tiberii Weller*, with whom were *Lauren J. Taylor* and, on the brief, *Richard L. Street*, for the appellees (named defendant et al.).

*Scott R. Ouellette*, for the appellee (defendant town of Killingly).

*Opinion*

PER CURIAM. The plaintiff, Anthony J. Pellecchia, administrator of the estate of Anthony E. Pellecchia, appeals from the judgment of the trial court dismissing his claims against the defendants Connecticut Light and

Power Company, Northeast Utilities and Northeast Utilities Service Company on the ground that it lacked subject matter jurisdiction to adjudicate those claims because they were not brought within the applicable statute of limitations, General Statutes § 52-555, and they could not be saved by the accidental failure of suit statute, General Statutes § 52-592. We have examined the record on appeal and considered the briefs and arguments of the parties and conclude that the judgment of the trial court should be affirmed. Because the trial court thoroughly addressed the arguments raised in this appeal, we adopt its well reasoned decision as a statement of the facts and the applicable law on the issue. See *Pellecchia* v. *Connecticut Light & Power Co.*, 52 Conn. Sup. 435, 54 A.3d 1080 (2011). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The plaintiff also appeals from the trial court's ruling granting the motion to strike filed by apportionment defendant town of Killingly (town).[1] "The granting of a motion to strike . . . ordinarily is not a final judgment because our rules of practice afford a party a right to amend deficient pleadings. See Practice Book § 10-44." (Internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 242, 994 A.2d 106 (2010). The trial court has not rendered judgment on the stricken claims against the town, and there is, thus, no final judgment as to those claims. See *Breen* v. *Phelps*, 186 Conn. 86, 89, 439 A.2d 1066 (1982). Because the lack of a final judgment implicates the subject matter jurisdiction of this court to hear an appeal, the plaintiff's appeal as to

---

[1] The plaintiff's apportionment complaint also named as defendants Quinnebaug Valley Emergency Communications, Inc., and the East Killingly Volunteer Fire Department Company. Those apportionment defendants are not parties to this appeal.

his claims against the town must be dismissed.[2] See General Statutes §§ 51-197a and 52-263; Practice Book § 61-1; *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 33, 930 A.2d 682 (2007).

The appeal is dismissed for lack of a final judgment as to the granting of the motion to strike. The judgment is affirmed in all other respects.

---

[2] In his brief, the plaintiff acknowledges that the trial court's ruling on the motion to strike does not constitute an appealable final judgment. Additionally, the record does not indicate that the town filed a motion for judgment following the granting of its motion to strike.