ANTHONY J. PELLECCHIA, ADMINISTRATOR,
(ESTATE OF ANTHONY E. PELLECCHIA),
ET AL. *v.* TOWN OF
KILLINGLY ET AL.
(AC 34690)

DiPentima, C. J., and Robinson and Sheldon, Js.

Argued October 25—officially released December 24, 2013

---

[4] In light of the foregoing, we do not reach the town's mootness claim based on the removal of the diving board.

*Jason L. McCoy*, for the appellants (plaintiffs).

*Scott R. Ouellette*, for the appellees (named defendant et al).

*Opinion*

PER CURIAM. The plaintiff Anthony J. Pellecchia, administrator of the estate of Anthony E. Pellecchia,[1] appeals from the judgment of the trial court dismissing his wrongful death claims against the defendants, the town of Killingly, Anthony Shippee and David Sabourin, on the ground that it lacked subject matter jurisdiction to adjudicate those claims because they were not brought within the applicable statute of limitations, General Statutes § 52-555, and they could not be saved by the accidental failure of suit statute, General Statutes § 52-592. We have examined the record on appeal and considered the briefs and arguments of the parties, and we conclude that the judgment of the trial court should be affirmed.[2]

This is the second cause of action filed by the plaintiff arising from the death of the plaintiff's decedent when,

---

[1] Pellecchia also brought this action in his individual capacity. For convenience, we refer to him in this opinion as the plaintiff.

[2] In *Pellecchia* v. *Connecticut Light & Power Co.*, 139 Conn. App. 88, 54 A.3d 658 (2012), cert. denied, 307 Conn. 950, 60 A.3d 740 (2013), an action arising from the same underlying facts and a nearly identical procedural history, this court affirmed the judgment dismissing the plaintiff's claims against the defendant utility companies brought in a 2009 action on the ground that they were not timely filed under § 52-555 and they could not be saved by the accidental failure of suit statute.

in July, 2006, his motorcycle came into contact with a downed, energized power line in Killingly. The plaintiff first brought his wrongful death action in 2008. Following a protracted series of failures to comply with the trial court's orders and the rules of practice, the trial court rendered judgment of nonsuit as to all defendants. That judgment of nonsuit was affirmed by this court. *Pellecchia* v. *Connecticut Light & Power Co.*, 126 Conn. App. 903, 12 A.3d 641 (2011).

In 2011, the plaintiff filed this action against the defendants. The defendants moved to dismiss, claiming that the action was not brought within the two year statute of limitations for wrongful death actions pursuant to § 52-555 and that it was not saved by the accidental failure of suit statute, § 52-592.[3] The trial court agreed, finding that the 2008 action did not fail due to a "matter of form," as contemplated by § 52-592, in that that failure was not the result of "mistake, inadvertence or excusable neglect." Rather, the court found that the judgment of nonsuit was rendered in the 2008 action on the basis of "a knowing, blatant and egregious disregard for the court and the rules of practice."

Because the trial court thoroughly addressed the arguments raised in this appeal, we adopt its well reasoned decision as a statement of the facts and the applicable law on the issue. See *Pellecchia* v. *Killingly*, 53

[3] General Statutes § 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . ."

Conn. Supp. 220, 85 A.3d 63 (2012). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.