ANTHONY J. PELLECCHIA, ADMINISTRATOR,
(ESTATE OF ANTHONY E. PELLECCHIA),
ET AL. *v.* CONNECTICUT LIGHT
AND POWER COMPANY ET AL.
(AC 35001)

DiPentima, C. J., and Robinson and Sheldon, Js.

Argued October 25—officially released December 24, 2013

*Jason L. McCoy,* for the appellants (plaintiffs).

*Giovanna Tiberii Weller,* with whom were *Richard L. Street* and, on the brief, *Lauren J. Taylor,* for the appellees (apportionment defendant Connecticut Light and Power Company et al.).

*Karen L. Karpie,* for the appellee (defendant East Killingly Volunteer Fire Department Company).

*Opinion*

PER CURIAM. The plaintiff Anthony J. Pellecchia, administrator of the estate of Anthony E. Pellecchia,[1] appeals from the summary judgments rendered by the trial court in favor of the apportionment defendants, Connecticut Light & Power Company and Northeast Utilities Service Company (utility defendants), and East Killingly Volunteer Fire Department Company (fire

---

department).[2] The plaintiff claims that the trial court erred in concluding that his claims against the apportionment defendants are barred by the applicable statute of limitations, General Statutes § 52-555. We affirm the judgments of the trial court.

The plaintiff's claims stem from the death of his decedent, which occurred in July, 2006, when the decedent's motorcycle came into contact with a downed, energized power line in Killingly. In 2008, the plaintiff brought a wrongful death action against three sets of defendants: the town of Killingly, David Sabourin and Anthony Shippee (town defendants); the Quinebaug Valley Emergency Communications, Inc.; and the utility defendants. In that action, the trial court rendered judgments of nonsuit against the plaintiff on his claims against the utility defendants and the town defendants, and those judgments were affirmed by this court. See *Pellecchia* v. *Connecticut Light & Power Co.*, 126 Conn. App. 903, 12 A.3d 641 (2011).

In 2009, the plaintiff filed a new action against the utility defendants, which the trial court dismissed on the ground that it was filed beyond the two year statute of limitations for wrongful death actions and it was not saved by the accidental failure of suit statute. See General Statutes § 52-592. This court affirmed that judgment. *Pellecchia* v. *Connecticut Light & Power Co.*, 139 Conn. App. 88, 54 A.3d 658 (2012), cert. denied, 307 Conn. 950, 60 A.3d 740 (2013).

In 2011, the plaintiff filed this action against the town defendants. The town defendants filed apportionment complaints against the fire department and the utility defendants pursuant to General Statutes § 52-102b (a), whereafter the plaintiff filed direct claims against the fire department and the utility defendants pursuant to

---

[2] The plaintiff also portends to raise other claims in this appeal that are moot as a result of our ruling herein.

§ 52-102b (d). The trial court subsequently granted the town defendants' motion to dismiss the claims against them in this action on the ground that the action was filed beyond the two year statute of limitations for wrongful death actions and it was not saved by the accidental failure of suit statute, § 52-592. This court affirmed that judgment today in *Pellecchia* v. *Killingly*, 147 Conn. App. 299, 80 A.3d 931 (2013). After the trial court dismissed the plaintiff's underlying claims against the town defendants, the fire department and the utility defendants moved for summary judgment on the plaintiff's direct claims against them under § 52-102b on the ground that such claims against them were not filed within the two year statute of limitations for wrongful death claims and that, although the plaintiff complied with the pleading requirements of the apportionment statute, § 52-102b (b) permits an apportionment defendant to assert a statute of limitations defense if the apportionment plaintiff has such a defense to the plaintiff's claims against it in the underlying action. The trial court agreed that the town defendants did indeed have a statute of limitations defense against the plaintiff under § 52-555, and thus that the apportionment defendants had such a defense as well under § 52-102b (b). It therefore granted the apportionment defendants' motions for summary judgment, from which the plaintiff now appeals.

"Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 333, 71 A.3d 492 (2013). Our review of summary judgment rulings is plenary. Id.

The plaintiff does not claim that there is a genuine issue of material fact that would preclude summary judgment, but instead, contests the trial court's interpretation of § 52-102b (b).[3] "[I]ssues of statutory construction raise questions of law, over which we exercise plenary review. . . . General Statutes § 1-2z directs this court to first consider the text of the statute and its relationship to other statutes to determine its meaning. If, after such consideration, the meaning is plain and unambiguous and does not yield absurd or unworkable results, we shall not consider extratextual evidence of the meaning of the statute." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Marchesi v. Board of Selectmen*, 309 Conn. 608, 614–15, 72 A.3d 394 (2013).

Section 52-102b (b) provides in relevant part: "If the apportionment complaint is served within the time period specified in subsection (a) of this section, no statute of limitation or repose shall be a defense or bar to such claim for apportionment, *except that, if the action against the defendant who instituted the apportionment complaint pursuant to subsection (a) of this section is subject to such a defense or bar, the apportionment defendant may plead such a defense or bar to any claim brought by the plaintiff directly against the apportionment defendant* pursuant to subsection (d) of this section." (Emphasis added.)

Here, the town defendants asserted, and prevailed on, their claim that the plaintiff's action against them was barred by the relevant statute of limitations.

---

[3] The plaintiff seems to claim that because the town prevailed on its statute of limitations defense and was thus no longer a party to this action, and therefore no longer held the status of an apportionment plaintiff, that party's statute of limitations defense would no longer be available to the apportionment defendants simply because the original defendant is no longer a party. Such a claim is without merit.

Because the town defendants instituted the apportionment complaint, the plain language of the statute mandates that such a defense also was properly asserted by the fire department and the utility defendants. The trial court thus properly rendered summary judgments in favor of the fire department and the utility defendants.

The judgments are affirmed.