******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KEITH J. DARIN, BUILDING OFFICIAL FOR THE
TOWN OF EAST HADDAM *v.* MILAN CAIS
(AC 37426)

Alvord, Sheldon and Bear, Js.

*Argued September 24—officially released November 24, 2015*

(Appeal from Superior Court, judicial district of
Middlesex, Aurigemma, J. [motion to strike];
Domnarski, J. [motion for summary judgment].)

*Milan Cais*, self-represented, the appellant
(defendant).

*John S. Bennet*, with whom, on the brief, was *William
P. Monigan*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, Milan Cais, appeals from a summary judgment rendered by the trial court in favor of the plaintiff, Keith J. Darin, the building official for the town of East Haddam (town). The trial court granted a permanent injunction ordering, inter alia, that Cais remedy violations of § 115 of the State Building Code with respect to certain of his real property. On appeal, Cais claims: (1) "The court abused its discretion in failing to apprise [him] of his obligations under a summary judgment motion" and (2) "The court abused its discretion by denying [him as] a pro se defendant due process protections."[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. Cais is the owner of real property located at 27 Powerhouse Road in the village of Moodus in the town of East Haddam. Cais and the town have been in dispute over the condition of this property since at least 1984. The town has brought zoning enforcement actions against Cais, and Cais has sued the town in federal court.

In 2008, a fire destroyed the main structure on the property, a brick industrial building that was formerly used as a powerhouse. After the fire, the town bulldozed the charred remains of the building. Cais claims that the town removed perimeter fencing without his permission; the town argues that there was no fencing, just piles of debris. By 2012, the property was marked by an open subsurface foundation and a debris field of bricks, scrap metal, and other materials.

On April 4, 2012, the town issued Cais a "Notice of Unsafe Structure," pursuant to § 115 of the State Building Code.[2] On August 20, 2013, the town filed a complaint against Cais in Superior Court alleging that Cais had not complied with the directives in the town's initial notice, his property continued to be in violation of § 115 of the State Building Code, and he had not appealed the notice. The town requested that the court grant a permanent injunction, ordering Cais to bring his property into compliance with the State Building Code, and issue an order allowing the town to take corrective action on the property if Cais failed to comply with the injunction. Cais responded by filing a counterclaim. He sought reimbursement for damage allegedly caused by the town when it bulldozed his property in 2008. He also requested that the court order the town to install fencing around his property at the town's expense. The court granted the town's motion to strike the counterclaim, finding that Cais' counterclaim did not arise from the same transaction or occurrence as the town's complaint. Cais did not replead his counterclaim nor did he file a motion for judgment on the stricken counterclaim.

On September 10, 2014, the town filed a motion for

summary judgment on its complaint. On October 22, 2014, a hearing was scheduled on the town's motion for summary judgment, but Cais did not appear. The court continued the case for two weeks, expressing concern that Cais may not have been aware of the motion.[3] On November 3, 2014, the rescheduled hearing commenced with Cais appearing as a self-represented party. The court informed Cais that if he wanted to oppose the motion for summary judgment, he needed to file an objection and an affidavit: "I note that nothing has been filed, although this motion was filed back on September 10, you have not filed anything. I could have acted on this motion in your absence last—two weeks ago, I chose not to because I know that this is a matter of some importance to you. You've been before me in the past, and I recognize your commitment to this property and the property that you own. However, today, you're here, they've filed their motions, I've heard their argument. You have not filed any written objection. However, you're here, I will hear you." Cais raised several issues: Darin was no longer employed by the town, the town removed his fence, and he needed more time to clean up the property. Cais, however, never challenged the basic premise of the town's complaint: that the condition of the property violated § 115 of the State Building Code. The court granted the town's motion for summary judgment and ordered Cais to demolish any standing walls and to fill in the open foundation. The court further stated that if Cais failed to comply, the town was authorized to enter the property and to complete the work. This appeal followed.

I

Cais' first claim on appeal is that the "court abused its discretion in failing to apprise [him] of his obligations under a summary judgment motion." We disagree. The court afforded Cais ample opportunity to challenge the motion for summary judgment, but Cais did not avail himself of that opportunity. We conclude that the court was not obligated to do anything more than it did to assist Cais in the summary judgment proceeding.

This court's review of a grant of summary judgment is plenary. *New London County Mutual Ins. Co.* v. *Sielski*, 159 Conn. App. 650, 654–55, A.3d (2015). "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A party moving for summary judgment is held to a strict standard. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When

documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." (Internal quotation marks omitted.) *Bombero* v. *Bombero*, 160 Conn. App. 118, 128–29, A.3d (2015). This standard also applies to self-represented parties: "[I]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . we are also aware that [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Tonghini* v. *Tonghini*, 152 Conn. App. 231, 240, 98 A.3d 93 (2014).

In the present case, Cais failed to raise a genuine issue of material fact. The town claimed that Cais' property was in violation of § 115 of the State Building Code. Cais agreed that his property was in poor condition. His litigation strategy focused on assigning blame to the town: "Now, there is the ruins of the house, which the town is responsible for because they did it; they bulldozed the property and they spread the bricks, it was a huge, brick house, they spread the bricks around." Ultimately, he never contested that there was a violation of the State Building Code: "I didn't create [the] violation; the town did create the violation, so why should I be punished for the doing of the town." In deciding the summary judgment motion, the court did not specifically find that there were no genuine issues of material fact, but the central elements of the town's claim were uncontested. Viewing the facts presented in the light most favorable to Cais, the court had no basis before it on which to find genuine issues of material fact relating to whether Cais was the owner of the subject property and whether the property was in violation of § 115 of the State Building Code. Cais offered no evidence or even an argument to raise any genuine issue of material fact. He also did not seek permission to make a late filing of an affidavit or a written objection to the motion for summary judgment.

Before hearing arguments on the motion for summary judgment, the court was solicitous of Cais' status as a self-represented litigant. Cais had not filed an opposition to the motion for summary judgment; nonetheless, the court allowed him to present his arguments orally at the rescheduled hearing on November 3, 2014. Cais used the opportunity to complain about the town's past actions; he did not make arguments that challenged the town's motion for summary judgment.

On appeal, Cais argues that if the court had properly advised him, he would have presented documents showing that the town was the cause of the violation of the State Building Code.[4] The court was well aware of Cais' position and its irrelevancy to the decision on the town's motion for summary judgment.[5] Thus, during the hearing, the court offered Cais the opportunity to address the central issue of the complaint, the town's claim that his property was in violation of the State Building Code. Cais did not challenge the merits of the town's complaint; he conceded that his property was in violation of that building code, and even in this appeal, he does not challenge that he was the owner of the property and that there was a continuing violation of § 115 of the State Building Code.

## II

In his second claim on appeal, Cais argues that the manner in which the summary judgment proceeding was conducted denied him his right to due process. Cais has provided no constitutional provisions, statutes, case law, or analysis to support this position. "It is well established that we are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Turn of River Fire Dept., Inc.* v. *Stamford*, 159 Conn. App. 708, 712 n.2,       A.3d       (2015). We conclude that Cais' due process claim has been inadequately briefed. Accordingly, we decline to review it.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In his second claim, Cais argues that he was denied due process twice: first, when the court granted the town's motion to strike his counterclaim in which he argued that the town was responsible for the code violation; and second, when the court granted the town's motion for summary judgment. The claim relating to the counterclaim is not properly before this court because the trial court did not render a judgment on the counterclaim. See Practice Book § 10-44; *Pellecchia* v. *Connecticut Light & Power Co.*, 139 Conn. App. 88, 90–91, 54 A.3d 658 (2012) (granting of motion to strike not appealable final judgment unless trial court renders judgment on stricken pleading), cert. denied, 307 Conn. 950, 60 A.3d 740 (2013). Accordingly, we do not address this claim. The defendant's remaining due process claim is addressed in part II of this opinion.

[2] Section 115 of the State Building Code refers to the § 115 of the 2003 International Building Code, which provides in relevant part: "Structures or existing equipment that are or hereafter become unsafe . . . or are otherwise dangerous to human life or the public welfare . . . shall be deemed an unsafe condition. Unsafe structures shall be taken down and removed or made safe, as the building official deems necessary and as provided for in this section. A vacant structure that is not secured against entry shall be deemed unsafe. . . ." See Regs., Conn. State Agencies § 29-252-1d (115.1).

[3] In fact, the court even went so far as to request that the town's counsel notify Cais that a motion for summary judgment was pending and a hearing

would be held on November 3, 2014.

[4] In appellate his brief, Cais argues: "Had the court exercised its ability of advising me of what I needed to present in advance, then I would have been able to reply with documents showing evidence of the 'genuine issues' in this case; namely, my repeated requests to the town to correct the error made by the town's agent when he removed the perimeter fencing from the property."

[5] On the record, Cais stated: "The property burned down. It was in federal court because the town bulldozed the house without my permission. They left a horrible situation on the property, and it was sitting there for years, as is. Then the [town] said I have to put fence around the property; it's all in the records. And, I said I did not remove the fencing around the property so [the] town did remove it, bring it back, make it secure. It's still around there; there was no decision by the court on this matter."

———————————————————