******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MARIA MOULTHROP *v.* CONNECTICUT STATE BOARD OF EDUCATION
## (AC 43781)

Suarez, Clark and DiPentima, Js.

*Syllabus*

The plaintiff, a former elementary school principal, appealed to the trial court from the decision by the defendant, pursuant to statute (§ 10-145b (i) (2)), revoking her initial educator and professional educator certificates after an investigation determined that she was involved in and responsible for cheating that occurred on a schoolwide basis during the administration of the Connecticut Mastery Test. The trial court found that the record contained substantial evidence that the plaintiff directly participated in a portion of the cheating, and knew that cheating was taking place during the administration of the test and did not stop it. The court rendered judgment dismissing the appeal, and the plaintiff appealed to this court, claiming, inter alia, that there was no substantial evidence to support the finding that she was directly involved in or was responsible for the cheating. *Held* that, upon this court's plenary review of the record, the briefs and the arguments of the parties, the judgment of the trial court was affirmed, and this court adopted the trial court's thorough and well reasoned memorandum of decision as a proper statement of the facts and the applicable law on the issues.

Argued May 19—officially released June 29, 2021

*Procedural History*

Appeal from the decision by the defendant revoking the plaintiff's initial educator and professional educator certificates, and for other relief, brought to the Superior Court in the judicial district of New Britain and tried to the court, *Cordani, J.*; judgment for the defendant, from which the plaintiff appealed to this court. *Affirmed.*

*John M. Gesmonde*, for the appellant (plaintiff).

*Kerry Anne Colson*, assistant attorney general, with whom, on the brief, were *William Tong*, attorney general, and *Clare E. Kindall*, solicitor general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Maria Moulthrop, appeals from the judgment of the trial court dismissing her administrative appeal from the decision of the defendant, the Connecticut State Board of Education (board), revoking her initial educator and professional educator certificates.[1] On appeal, the plaintiff claims that the court erred by concluding that she failed to establish that the board's decision (1) was predicated on constitutional and statutory violations, and (2) was clearly erroneous in view of the reliable, probative and substantial evidence in the whole record. We affirm the judgment of the trial court.

The record discloses the following relevant facts. The plaintiff was employed by the Waterbury Board of Education as the principal of Hopeville Elementary School (Hopeville) from 1996 until she resigned in December, 2011. The issues in the present appeal center on the Connecticut Mastery Test[2] (mastery test) that was administered at Hopeville in the spring of 2011. The performance of the Hopeville students on the mastery test prior to 2011 could best be characterized as struggling, with fluctuating failing and nonfailing results. The test scores for the Hopeville students in the spring of 2011, however, were higher than those of any other public school in Waterbury, higher than the statewide averages for all students, and substantially higher than the scores for Hopeville students in prior years. The unusual change in the test scores of Hopeville students prompted an investigation by the state Department of Education (department) that led to the determination that cheating had occurred in the administration of the mastery test at Hopeville in the spring of 2011. Data analysis revealed that the 2011 test scores were the result of adult interference with the test on a schoolwide scale. Evidence that cheating occurred during the administration of the spring, 2011 mastery test at Hopeville is overwhelming; the plaintiff does not challenge that determination. The plaintiff, however, challenges the board's determination that she was involved in, and was responsible for, the cheating that occurred.

On the basis of the department's investigation and pursuant to General Statutes § 10-145b (i) (2), the board issued an administrative complaint seeking to revoke the plaintiff's initial educator certificate and professional educator certificate. A hearing officer conducted an evidentiary hearing over nine days from 2016 through 2018 and issued a proposed decision in October, 2018. The hearing officer found that the plaintiff was responsible for personally committing sundry breaches of security in connection with the administration of the 2011 mastery test at Hopeville or knowingly allowing others in her school to do so. The hearing officer submitted a report to the board recommending that the plaintiff's professional educator's certificate be revoked and that

her initial educator's certificate be placed on probation with special conditions. On February 6, 2019, the board adopted the decision of the hearing officer in all respects, except that it revoked both of the plaintiff's educator certificates.

The plaintiff appealed to the Superior Court, claiming that there was no substantial evidence to support the finding that she was directly involved in the cheating on the spring, 2011 mastery test or that she was responsible for the schoolwide cheating on that test. She also claimed that she was denied her constitutional and statutory rights during the investigation and hearing. The court found that the record contains substantial evidence that the plaintiff directly participated in a portion of the cheating and that she knew that cheating was taking place during the administration of the mastery test and did not stop it. The court also concluded that the plaintiff failed to establish that the board's decision (1) violated any constitutional or statutory provision, (2) was in excess of its statutory authority, (3) was made upon unlawful procedure, (4) was affected by other error of law, (5) was clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record, or (6) was arbitrary or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. See General Statutes § 4-183 (j). The court dismissed the plaintiff's appeal.

Our plenary review of the record and the proceedings in the trial court, as well as the briefs and arguments of the parties on appeal, persuades us that the judgment of the trial court should be affirmed. We, therefore, adopt the trial court's thorough and well reasoned memorandum of decision as a proper statement of the facts and the applicable law on the issues. See *Moulthrop* v. *Connecticut State Board of Education*, Superior Court, judicial district of New Britain, Docket No. CV-19-6051413-S (December 18, 2019) (reprinted at 205 Conn. App.    ,    A.3d    ). Any further discussion of the issues by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Pellecchia* v. *Killingly*, 147 Conn. App. 299, 302, 80 A.3d 931 (2013).

The judgment is affirmed.

[1] The plaintiff held an initial educator certificate that permitted her to teach prekindergarten through twelfth grade. She also held a professional educator certificate that permitted her to be an administrator in a school. See General Statutes § 10-145b (governing issuance and revocation of teaching certificates).

[2] The Connecticut Mastery Test is a statutorily mandated, statewide, standardized test used for the purpose of measuring student achievement in reading, language arts, and mathematics. See General Statutes § 10-14n.