******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ERIC STEVENS *v.* EDWARD KHALILY ET AL.
(AC 45400)

Alvord, Prescott and Clark, Js.

*Syllabus*

After the dissolution of the plaintiff's marriage to his former spouse, T, the plaintiff brought an action against the defendants, T's mother and stepfather, seeking damages for, inter alia, defamation. The defendants filed a motion to strike all counts of the complaint. The trial court granted the defendants' motion to strike as to all counts, finding, inter alia, that, even when construed broadly and realistically, the plaintiff's defamation allegations failed to sufficiently allege a claim for defamation with the requisite specificity. On appeal to this court, the plaintiff claims only that the trial court improperly struck the defamation counts of his complaint. *Held* that this court affirmed the trial court's judgment granting the defendants' motion to strike on the alternative ground that the plaintiff failed to allege reputational harm, one of the four elements necessary to establish a prima facie case of defamation per quod, and, because the plaintiff failed to plead all elements of defamation, the defamation counts were properly stricken.

Argued May 9—officially released July 25, 2023

*Procedural History*

Action to recover damages for, inter alia, defamation, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Shapiro, J.* granted the motion to dismiss filed by the named defendant et al. and rendered judgment thereon; thereafter, the court, *Sheridan, J.*, granted the motion to strike filed by the defendant Shahram Rabbani et al., and the plaintiff appealed to this court; subsequently, the court, *Cobb, J.*, granted the plaintiff's motion for judgment and rendered judgment for the defendant Shahram Rabbani et al., from which the plaintiff filed an amended appeal. *Affirmed.*

*Christopher T. DeMatteo*, with whom, on the brief, was *Norman A. Pattis*, for the appellant (plaintiff).

*Cristin E. Sheehan*, for the appellees (defendant Shahram Rabbani et al.).

*Opinion*

PRESCOTT, J. The plaintiff, Eric Stevens, appeals from the judgment of the trial court rendered in favor of the defendants Shahram Rabbani (Shahram) and Diana Rabbani (Diana),[1] following the court's granting of the defendants' motion to strike all counts of the complaint brought against them. On appeal, the plaintiff claims that the court improperly struck counts nine and twelve, which alleged defamation against Shahram and Diana respectively, for failure to plead defamation with the requisite specificity.[2] The plaintiff argues that counts nine and twelve of the operative complaint[3] "adequately identify the alleged defamatory statements, who made them and to whom they were made, which is what is required of defamation pleadings under Connecticut law and practice." We conclude that the court properly granted the motion to strike counts nine and twelve because the plaintiff has failed to plead reputational harm, an element required to establish a prima facie case of defamation at common law. Because the plaintiff has failed to plead all four elements of defamation, we need not reach the plaintiff's claim that the court improperly granted the motion to strike on the grounds that he failed to plead the elements of defamation with the requisite specificity. We affirm the judgment of the court.

The following facts, as alleged in the operative complaint, and procedural history are relevant to the plaintiff's claim on appeal. The plaintiff previously was married to Tiffany Khalily, with whom he had a child. The defendants are Tiffany Khalily's mother and stepfather. On May 21, 2009, the plaintiff initiated a marital dissolution action against Tiffany Khalily. The court rendered a judgment of dissolution of marriage on September 6, 2011, that incorporated the parties' marital separation agreement. Pursuant to the judgment, Tiffany Khalily was granted full legal and physical custody of their daughter, and the plaintiff was granted visitation. Bitter postdissolution proceedings followed regarding custody of and visitation with their child. While the parties were involved in this contentious dispute, the defendants made allegedly defamatory statements to agents of the Department of Children and Families (department) regarding the plaintiff.[4]

The plaintiff commenced this action on October 16, 2017. On March 1, 2019, the plaintiff filed the operative revised complaint. The counts relevant to this appeal are nine and twelve, which, as previously noted, allege defamation by the defendants. In particular, the plaintiff alleged in count nine that Shahram made statements to the department about the plaintiff, including that the plaintiff was in the habit of sleeping with transvestite prostitutes.

In count twelve, the plaintiff alleged that Diana told the department that the plaintiff had engaged in physical violence,[5] had no interest in seeing or spending time with his daughter, was only interested in seeing his child to the extent that she was the beneficiary of a $50 million trust,

lived a dangerous lifestyle, and was so desperate for money that he would prostitute his daughter.

In response to the revised complaint, the defendants, pursuant to Practice Book § 10-39, filed a motion to strike all counts brought against them.[6] In support of their motion to strike, the defendants argued in relevant part that the "plaintiff's claims of defamation within counts nine and twelve fail to allege sufficient facts to comply with the heightened pleading requirements for such claims." The defendants also argued that the intentional infliction of emotional distress claims against them, counts seven and ten, failed to state a claim because the plaintiff did not allege that they engaged in any outrageous or extreme conduct. The defendants argued that the prima facie tort claims against them, counts eight and eleven, should also be stricken because "the allegations supporting the claims are already addressed by other causes of action."

The plaintiff filed an objection to the motion to strike. The plaintiff argued that he should be afforded and is entitled to every reasonable inference drawn from the pleadings at that stage and that those inferences support the claims for intentional infliction of emotional distress, defamation and prima facie tort. The plaintiff argued that, "[a]t a minimum, there is evidence to support the claims that the . . . defendants conspired to [and/or] directly acted to deprive the plaintiff of substantial real estate holdings and millions of dollars and conspired to and directly acted to defame the plaintiff and to deprive him of a relationship with his daughter, notwithstanding court orders allowing the plaintiff regular visitation."

In response to the plaintiff's objection, the defendants filed a reply, arguing that the "plaintiff has only made dramatic conclusions that the [defendants] slandered him in discussions with [the department] and fails to allege any facts supporting when these statements were published, to whom they were published, or *how his reputation was damaged*. . . . The complaint should be stricken due to the lack of the requisite factual allegations within the complaint coupled with the admission that the plaintiff needs to conduct discovery to find the basic information required to properly plead this cause of action." (Citations omitted; emphasis added.)

On August 21, 2019, the trial court, *Sheridan, J.*, issued a memorandum of decision granting the motion to strike as to counts seven, eight, ten and eleven but denying the motion to strike as to counts nine and twelve, the defamation counts. With respect to counts nine and twelve, the court analyzed the sufficiency of the allegations contained in the original complaint, not the operative revised complaint.

On August 28, 2019, the defendants filed a motion for reargument and reconsideration. The defendants argued that the court's decision in regard to counts nine and twelve should be reconsidered because controlling appel-

late authority requires that defamation must be pleaded with specificity. As a result, the defendants argued, "the instant decision is inconsistent with controlling precedent and should be reconsidered." Additionally, the defendants argued that the court improperly analyzed the sufficiency of the original complaint dated October 6, 2017, rather than the sufficiency of the revised complaint dated March 1, 2019. The court denied the defendants' motion without comment on November 19, 2019.

The defendants then filed a motion for clarification and/or articulation, again raising that the court's August 21, 2019 ruling on the motion to strike had improperly analyzed the sufficiency of the original complaint, rather than the operative complaint. In response to the defendants' motion, the court issued a decision on March 14, 2022, in which it reconsidered its August 21, 2019 ruling on the motion to strike with respect to counts nine and twelve. After setting forth the relevant allegations from the operative complaint, the court concluded in relevant part that, "even when construed broadly and realistically, the allegations in count[s] nine and twelve fail[ed] to sufficiently allege a claim for defamation with the requisite specificity as described in the relevant case law."[7] Accordingly, the court effectively set aside its prior ruling and struck counts nine and twelve.

On March 24, 2022, the plaintiff filed a motion for judgment pursuant to Practice Book § 10-44,[8] stating that he declines to replead and asking the court to enter judgment on all counts brought against the defendants. On March 31, 2022, before the trial court acted on the plaintiff's motion for judgment, the plaintiff filed an appeal with this court challenging the court's March 14, 2022 order striking counts nine and twelve. The trial court subsequently granted the plaintiff's motion for judgment and ordered that "judgment is entered in favor of the defendant[s] on counts nine and twelve of the [operative] complaint."

This court, sua sponte, issued the following order on June 22, 2022: "The parties are hereby ordered to file memoranda . . . and give reasons, if any, why the appeal should not be dismissed for lack of a final judgment because judgment had not been rendered on any of the stricken counts of the amended complaint when the appeal was filed; see Practice Book §§ 10-44 and 61-3; *Pellecchia* v. *Connecticut Light & Power Co.*, 139 Conn. App. 88, 90–91 [54 A.3d 658] (2012), cert. denied, 307 Conn. [9]50 [60 A.3d 740] (2013); unless judgment is rendered on all of the stricken counts of the amended complaint as to the defendants-appellees Diana Rabbani and Shahram Rabbani and the plaintiff-appellant files an amended appeal. See Practice Book § 61-9."

Thereafter, the plaintiff filed a motion for judgment with the trial court with respect to the remaining stricken counts brought against the defendants. On June 27, 2022, the court, *Cobb, J.*, granted the plaintiff's motion and rendered judgment on all counts brought against the defen-

dants. The plaintiff filed a response to this court's motion to dismiss, informing the court that he had obtained a final judgment and filed an amended appeal in accordance with Practice Book § 61-9.[9]

In his amended appeal, the plaintiff claims that the court improperly struck counts nine and twelve of the operative complaint for failure to plead defamation with the requisite pleading specificity. According to the plaintiff, counts nine and twelve of the operative complaint "adequately identify the alleged defamatory statements, who made them and to whom they were made, which is what is required of defamation pleadings under Connecticut law and practice." The defendants counter that "[t]he trial court properly determined that the allegations in counts nine and twelve of the operative complaint fell short of the pleading standard for defamation."

We begin by setting forth the controlling legal principles, the elements of defamation and the pleading requisites that relate to such. "A defamatory statement is defined as a communication that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him . . . ." (Internal quotation marks omitted.) *NetScout Systems, Inc.* v. *Gartner, Inc.*, 334 Conn. 396, 410, 223 A.3d 37 (2020). "Defamation is comprised of the torts of libel and slander: slander is oral defamation and libel is written defamation."[10] (Internal quotation marks omitted.) *Gleason* v. *Smolinski*, 319 Conn. 394, 430 n.30, 125 A.3d 920 (2015).

"At common law, [t]o establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) *the plaintiff's reputation suffered injury as a result of the statement.*" (Emphasis added; internal quotation marks omitted.) *NetScout Systems, Inc.* v. *Gartner, Inc.*, supra, 334 Conn. 410. "Each statement furnishes a separate cause of action and requires proof of each of the elements for defamation." *Gleason* v. *Smolinski*, supra, 319 Conn. 431.

The court, in granting the defendants' motion to strike, determined that, "even when construed broadly and realistically, the allegations in count[s] nine and twelve fail to sufficiently allege a claim for defamation with the requisite specificity as described in the relevant case law." In so holding, the court relied on language in *Stevens* v. *Helming*, 163 Conn. App. 241, 247 n.3, 135 A.3d 728 (2016) (*Helming*), regarding the level of specificity required to plead defamation. The defendants argue that *Helming* "required specificity in pleading [defamation]." The defendants assert that to plead defamation with sufficient specificity, the plaintiff must "identify the statements, the third parties to whom the allegedly defamatory statements were made and when the statements were made within the

complaint." The plaintiff counters that under *Helming*, a defamation pleading is sufficient if it is detailed enough to afford the defendant sufficient notice of the communications and enable him to defend himself. He asserts that "[a] defamation pleading should be held sufficiently specific when it identifies the speaker, recipient and nature of the alleged defamatory statements."

In *Helming*, the plaintiff in a defamation action appealed from the court's granting of summary judgment in favor of the defendants. *Stevens* v. *Helming*, supra, 163 Conn. App. 242. The plaintiff claimed that the court improperly failed to consider an allegation concerning a defamatory statement made by the individual defendant that was not specifically pleaded in the complaint but was raised for the first time in the plaintiff's surreply to the defendants' motion for summary judgment. Id., 244. This court affirmed the trial court's granting of summary judgment in favor of the defendants on the narrow ground that the trial court, in ruling on the defendants' motion for summary judgment, was limited to consideration of those facts alleged in the complaint standing alone, which could not fairly be read to include the alleged defamatory statement raised for the first time in a surreply brief. Id., 246. This court noted that the failure to include the allegation in the complaint could not be overlooked under the rubric that we read pleadings broadly and realistically, as that rule "is not a panacea for every instance where a party fails to adhere to the basic procedural requirements of pleading, especially in the context of a defamation [count]." Id., 246–47.

Although not necessary to its holding, the court added the following by way of a footnote: "Although this court has not addressed the issue, we find persuasive the reasoning of various Superior Courts in requiring specificity in pleading defamation. A claim of [defamation] must be pl[eaded] with specificity, as the precise meaning and choice of words employed is a crucial factor in any evaluation of falsity. The allegations should set forth facts . . . sufficient to apprise the defendant of the claim made against him . . . . [A] complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made, by whom, and to whom . . . ." (Internal quotation marks omitted.) Id., 247 n.3. Because *Helming* was decided on separate, unrelated grounds, this language regarding the specificity of pleadings in defamation actions is dicta.[11] See *Healey* v. *Mantell*, 216 Conn. App. 514, 526, 285 A.3d 823 (2022) ("[d]ictum includes those discussions that are merely passing commentary . . . those that go beyond the facts at issue . . . and those that are unnecessary to the holding in the case" (internal quotation marks omitted)).

We need not reach the question of the degree of particularity required to plead defamation because the plaintiff has utterly failed to allege reputational harm, an element required to establish a prima facie case of defamation. This court has held that we "may affirm a trial court's

decision that reaches the right result, albeit for [a different] reason." (Internal quotation marks omitted.) *Fairfield Shores, LLC* v. *DeSalvo*, 205 Conn. App. 96, 111, 256 A.3d 716 (2021) (affirming judgment of trial court when this court agreed with alternative ground offered by party in support of affirming judgment).

The defendants assert in their principal appellate brief that the plaintiff's allegations of defamation "do not suffice as assertions of . . . how his reputation was damaged. . . . Moreover, the plaintiff simply claims fear, terror, and emotional distress but never alleges any facts showing how his reputation was . . . damaged as a result of the . . . alleged communications to [the department]."[12] (Citations omitted; internal quotation marks omitted.) Thus, the defendants have proffered that the plaintiff failed to allege reputational harm, an element necessary to establish a prima facie case of defamation, as an alternative ground to affirm the court's judgment.[13] Failure to plead all elements of a claim is dispositive of the action. *Mercer* v. *Champion*, 139 Conn. App. 216, 235, 55 A.3d 772 (2012). Accordingly, for the reasons that follow, we affirm the court's decision to grant the defendants' motion to strike.

"The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) *Campbell* v. *Porter*, 212 Conn. App. 377, 397–98, 275 A.3d 684 (2022). A motion to strike is also properly granted if the complaint lacks sufficient factual allegations that, if proven, would satisfy all of the elements of the cause of action asserted. See *Mercer* v. *Champion*, supra, 139 Conn. App. 235.

Whether a party must expressly allege facts sufficient to prove the last common-law element of defamation, reputational harm, turns on the type of defamation asserted, defamation per se or defamation per quod. "While all libel was once actionable without proof of special damages, a distinction arose between libel per se and libel per quod. . . . A libel per quod is not libelous on the face of the communication, but becomes libelous in light of extrinsic facts known by the recipient of the communication. . . . When a plaintiff brings an action in libel per quod, he must plead and prove actual damages in order to recover. . . .

"Libel per se, on the other hand, is a libel the defamatory meaning of which is apparent on the face of the statement and is actionable without proof of actual damages. . . .

When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiff's reputation. He is required neither to plead nor to prove it." (Internal quotation marks omitted.) *Lega Siciliana Social Club, Inc.* v. *St. Germaine*, 77 Conn. App. 846, 852, 825 A.2d 827, cert. denied, 267 Conn. 901, 838 A.2d 210 (2003).

"Statements deemed defamatory per se are ones in which the defamatory meaning of the speech is apparent on the face of the statement. . . . Our state has generally recognized two classes of defamation per se: (1) statements that accuse a party of a crime involving moral turpitude or to which an infamous penalty is attached, and (2) statements that accuse a party of improper conduct or lack of skill or integrity in his or her profession or business and the statement is calculated to cause injury to that party in such profession or business." (Internal quotation marks omitted.) *Silano* v. *Cooney*, 189 Conn. App. 235, 242, 207 A.3d 84 (2019).

By contrast, there is no such presumption of reputational harm for defamation per quod. *Lega Siciliana Social Club, Inc.* v. *St. Germaine*, supra, 77 Conn. App. 852. "A libel per quod is not libelous on the face of the communication, but becomes libelous in light of extrinsic facts known by the recipient of the communication. . . . When a plaintiff brings an action in libel per quod, he must plead and prove actual damages in order to recover." Id.

Whether the plaintiff here was required to plead reputational harm turns on whether the allegedly defamatory statements are defamation per se or defamation per quod. The plaintiff has not demonstrated that the alleged defamatory statements fall within either category of defamation per se. The plaintiff alleged that Shahram told the department "that the plaintiff was in the habit of sleeping with transvestite prostitutes . . . ." The plaintiff alleged that Diana told the department "that [the plaintiff] engaged in physical violence, that [the plaintiff] had no interest in seeing or spending time with . . . his daughter, that the plaintiff's only interest in [his child] was that [his child] was the beneficiary of a $50 million trust, that the plaintiff was so desperate for money that he would prostitute [his child] . . . and . . . that the plaintiff lives a dangerous lifestyle . . . ." The plaintiff did not rely upon the defamation per se presumption either in the trial court or on appeal. His brief contains no analysis of that issue and his counsel conceded at oral argument that these statements are not defamatory per se.[14] As such, the alleged statements, if defamatory, must be defamation per quod.

We now turn to the facts pleaded in the operative complaint. To state a claim of defamation per quod, the plaintiff must have alleged, among other elements, that he suffered an injury of reputational harm as a result of the allegedly defamatory statement. If the plaintiff has not properly pleaded all four elements of defamation, the defamation count is properly stricken. *Mercer* v. *Champion*, supra,

139 Conn. App. 235 (affirming court's striking of counts when plaintiff's complaint lacked sufficient factual allegations to satisfy all elements of cause of action). The plaintiff argues in his operative complaint only that he suffered fear, terror and emotional distress as a result of the alleged defamatory statements made by the defendants.[15] The plaintiff has pleaded no other harm; at oral argument before this court, the plaintiff's counsel only argued that the court may reasonably infer reputational harm from the harms pleaded. Neither fear, terror nor emotional distress, however, relate to the community perception of the plaintiff, as is required to plead reputational harm. *NetScout Systems, Inc.* v. *Gartner, Inc.*, supra, 334 Conn. 410. None of the harms alleged lend themselves to the conclusion that, as a result of the statements made by the defendants, the plaintiff's reputation or standing in the community suffered or that any third person was deterred from associating or dealing with him. Although the plaintiff's counsel argued at oral argument before this court that reputational harm reasonably can be inferred from the harms pleaded, he conceded that neither fear nor terror nor emotional distress are reputational harms. Even viewing all well pleaded facts and reasonable inferences in favor of the plaintiff, he has failed to meet his requirement of pleading reputational harm.[16]

In sum, the plaintiff was required to plead that his reputation suffered injury as a result of the allegedly defamatory statements in order to have sufficiently stated a claim for defamation per quod. The plaintiff's complaint is utterly devoid of any allegations of harm that he suffered to his reputation as a result of the allegedly defamatory statements made by the defendants. Accordingly, the court properly granted the defendants' motion to strike.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Edward Khalily and Tiffany Khalily were also named as defendants in the underlying matter. All counts against them, however, were dismissed on June 12, 2018, for insufficient service of process. See *Stevens* v. *Khalily*, 194 Conn. App. 626, 222 A.3d 132 (2019) (affirming judgment of dismissal), cert. denied, 334 Conn. 918, 222 A.3d 104 (2020). Accordingly, all references to the defendants in this opinion are to Shahram Rabbani and Diana Rabbani only.

[2] The plaintiff has not appealed from that portion of the court's judgment rendered following its granting of the motion to strike with respect to the remaining counts brought against the defendants, which alleged intentional infliction of emotional distress and prima facie tort.

[3] The plaintiff filed a revised complaint on March 1, 2019, which is the operative complaint for purposes of this appeal. Counts one through six of the operative complaint were brought against Edward Khalily and Tiffany Khalily and were dismissed by the court on June 12, 2018. Counts seven through twelve of the operative complaint are alleged against the defendants. Count seven alleges intentional infliction of emotional distress against Shahram. Count eight alleges prima facie tort against Shahram. Count nine alleges defamation against Shahram. Count ten alleges intentional infliction of emotional distress against Diana. Count eleven alleges prima facie tort against Diana. Count twelve alleges defamation against Diana.

[4] The plaintiff's operative complaint does not allege with specificity when the defendants made the allegedly defamatory statements.

[5] The plaintiff's operative complaint does not allege with whom the plaintiff engaged in physical violence.

[6] Practice Book § 10-39 provides in relevant part: "A motion to strike shall

be used whenever any party wishes to contest: (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . ."

[7] The court relied upon *Stevens* v. *Helming*, 163 Conn. App. 241, 247 n.3, 135 A.3d 728 (2016), for the proposition that the plaintiff's pleadings failed to meet the level of specificity required to plead defamation. We discuss that case in greater depth subsequently in this opinion.

[8] Practice Book § 10-44 provides in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; providing that in those instances where an entire complaint, counterclaim or cross complaint, or any count in a complaint, counterclaim or cross complaint has been stricken, and the party whose pleading or a count thereof has been so stricken fails to file a new pleading within that fifteen day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint, counterclaim or cross complaint, or count thereof. . . ."

[9] Practice Book § 61-9 provides in relevant part: "Should the trial court, subsequent to the filing of a pending appeal, make a decision that the appellant desires to have reviewed, the appellant shall file an amended appeal within twenty days from the issuance of notice of the decision as provided for in Section 63-1. . . . If the original appeal is dismissed for lack of jurisdiction, any amended appeal shall remain pending if it was filed from a judgment or order from which an original appeal properly could have been filed. . . ."

The plaintiff filed his original appeal from an order granting a motion to strike. The granting of a motion to strike is not a final judgment. *Gold* v. *Rowland*, 296 Conn. 186, 242, 994 A.2d 106 (2010). The plaintiff then filed an amended appeal from the court's granting of the plaintiff's motion for judgment. Although the plaintiff's original appeal was jurisdictionally defective for a lack of a final judgment, he properly filed an amended appeal under Practice Book § 61-9 from a judgment from which an original appeal could have been filed. Accordingly, we dismiss the original appeal for a lack of subject matter jurisdiction. The amended appeal is properly before this court.

[10] The same analysis applies to both slander and libel. *DeMorais* v. *Wisniowski*, 81 Conn. App. 595, 603 n.6, 841 A.2d 226, cert. denied, 268 Conn. 923, 848 A.2d 472 (2004).

[11] We note that Superior Court decisions post-*Helming* are split as to the specificity required to plead defamation. See, e.g., *A Better Way Wholesale Autos, Inc.* v. *Better Business Bureau of Connecticut*, Superior Court, judicial district of Waterbury, Docket No. CV-14-6025379-S (October 19, 2021) (granting summary judgment when "[t]he operative complaint . . . neglect[ed] to identify any specific words used, the date on which those words were uttered or published, or the specific individual or entity that employed the allegedly offending words"); *Bartucca* v. *Career Team, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-16-6068094-S (August 4, 2017) (denying motion to strike when plaintiff pleaded subject matter of defamatory statements, who made statements, and to whom statements were made).

[12] Although the defendants' brief put the plaintiff on notice of this alternative ground for affirming the court's judgment, he failed to respond or to allege any reputational harm in his reply brief.

[13] In neither his brief nor at oral argument before this court did the plaintiff assert that he was denied the opportunity to replead his cause of action after the court had granted the defendants' motion to strike. Rather than asking to replead, the plaintiff simply has continued to assert that the operative complaint sufficiently alleged a cause of action for defamation. Regarding the element of reputational harm, the plaintiff's counsel insisted at oral argument that reputational harm can be reasonably inferred, given the context, from the facts pertaining to harm that the plaintiff pleaded.

[14] In light of the plaintiff's failure to analyze this question, we express no view regarding whether any of the alleged defamatory statements constitute defamation per se.

[15] In relevant part, count nine of the operative complaint states: "As a direct and proximate result of the acts and omissions described herein the plaintiff suffered fear, terror, and extreme emotional distress for which he seeks money damages from the defendant Shahram Rabbani." In relevant part, count twelve of the operative complaint states: "As a direct and proximate result of the acts and omissions described herein, the plaintiff suffered fear, terror and emotional distress." This is the only language of the operative complaint alleging harm against the defendants.

[16] We note that the plaintiff did plead reputational harm in count two of his operative complaint, which alleges a defamation claim against Edward Khalily.

In count two, the plaintiff alleged that "[t]he statements . . . [made by] Edward Khalily . . . were untrue and defamatory and *damaged the reputation of the plaintiff by making him seem unfit to parent his minor child* . . . ." (Emphasis added.) By contrast, in counts nine and twelve, the plaintiff failed to allege that he suffered *any* reputational harm as a result of the defendants' allegedly defamatory statements. Instead, he argued only that he suffered fear, terror and emotional harm, none of which reasonably construed assert the required harm to his reputation.

———————————————